68 So.2d 850

## JACKSON v. STATE.

### 6 Div. 689.

Court of Appeals of Alabama.

Oct. 6, 1953.

Rehearing Denied Oct. 27, 1953.

336

Huey & Hawkins, Birmingham, for appellant.

Si Garrett, Atty. Gen., and Robt. P. Bradley, Asst. Atty. Gen., for the State.

PRICE, Judge.

The appellant was convicted in the Circuit Court of Jefferson County under an indictment charging that "before the finding of this indictment Henry Palmer Jackson did own a pistol or have one in his possession or under his control, after September 11, 1951, theretofore having been convicted in this State of committing a crime of violence, namely: Larceny, against the peace and dignity of the State of Alabama." The court sentenced him to imprisonment in the penitentiary for a term of three years.

The indictment was drawn under, and as for a violation of, subsection (a) of Section 174, Title 14, Code 1940, as amended. The pertinent provisions of the statute are as follows:

"§ 172. Definitions.—As used in this article, unless the context requires a different meaning: 'pistol' means any firearm with a barrel less than twelve inches in length; 'crime of violence' means any of the following crimes, or an attempt to

commit any of them, namely, murder, manslaughter, (except manslaughter arising out of the operation of a vehicle), rape, mayhem, assault with intent to rob, assault with intent to ravish, assault with intent to murder, robbery, burglary, kidnapping, and larceny;   * * *."

"§ 174.   Certain persons forbidden to possess pistol.—(a) No person who has been convicted in this state or elsewhere of committing or attempting to commit a crime of violence shall own a pistol or have one in his possession or under his control."

"§ 186.   Penalties.—(a) Every violation of subsection (a) of section 174 or of sections 183 or 184 of this title shall be punishable by imprisonment for not more than five years."

The grounds of demurrer insisted upon challenge the sufficiency of the indictment, and assail the constitutionality of the statute under which the indictment is found. Appellant's insistence is: (1) the defendant is not apprised of the nature or character of the accusation against him, as required by Section 6 of the Constitution of Alabama of 1901, for that, he cannot know whether he is charged with a felony or misdemeanor; (2) Section 186 (a), Title 14, Code 1940, as amended, does not prescribe any legal punishment, for the reason that it does not prescribe the place of imprisonment for a person convicted under said statute; (3) the inclusion of larceny in the definition of the term "crime of violence" set out in Section 172, Title 14, Code, supra, violates the requirement of reasonableness in classification required of legislation enacted under the police power, because larceny is not a crime of violence.

■  The indictment follows the statute in describing the charge, and we think it is sufficient. It is not required by Section 6, Const. 1901, that the indictment designate the charge as a felony or misdemeanor. Lashley v. State, 236 Ala. 1, 180 So. 717, 719. Moreover, it is clear that a felony is charged, for an offense punishable by death or by imprisonment in the penitentiary is a felony. Title 1, § 7, Code, and in all cases where the imprisonment is more than two years a person must, upon conviction, be imprisoned in the penitentiary. Title 15, § 325, Code, supra. "It is the capacity of an offense to be punished by confinement in the penitentiary and not that such punishment of necessity follows conviction of that crime" that is the controlling quality of a felony as defined by Section 7, Title 1, Code. Lashley v. State. 236 Ala. 1, 180 So. 717; Clifton v. State, 73 Ala. 473; Turner v. State, 40 Ala. 21; State v. Hall, 24 Ala. App. 336, 134 So. 898.

■  Whenever imprisonment is prescribed under a statute providing that the offense therein prescribed shall be deemed a felony, it means, by implication, imprisonment in the State prison. 24 C.J.S. Criminal Law, § 2000; In re Pratt, 19 Colo. 138, 34 P. 680.

■  The rule is declared to be that all reasonable intendments must be indulged to support the constitutionality of legislative acts, including classifications adopted by the lawmakers, and that their groupings will not be disturbed unless the classification is clearly arbitrary and without any reasonable basis. State ex rel. Shirley v. Lutz, 226 Ala. 497, 147 So. 429. And the test of the reasonableness is applied alike regardless of whether the legislature is exercising the State's police power or its taxing power. State v. Pate, 47 N.M. 182, 138 P.2d 1006.

The fact that the legislature has adopted the classification is entitled to great weight. Hutcheson v. Atherton, 44 N.M. 144, 99 P.2d 462.

It is stated in 12 Am.Jur., Const. Law, Section 484, p. 160, that, "apart from the question of the exactness or inexactness of a classification attempted by the legislature is the important fundamental problem as to whether the legislature had authority to deal with the subject at which the legislation was aimed. This qualification is of the utmost importance and must be kept in mind in any case. If the legislature has no authority to deal with the subject at which measures are aimed, a classification, however logical, appropriate, or scientific, will not be sustained. If such authority does

exist, a classification may be deficient in all these attributes, may be harsh and oppressive, and yet be within the power of the legislature."

■ Unquestionably the legislature had full authority to deal with the subject here involved. It is uniformly recognized that the constitutional guarantee of the right of a citizen to bear arms, in defense of himself and the State, Art. 1, § 26, Const. 1901, is subject to reasonable regulation by the State under its police power. 19 Alabama Digest, Weapons, ☜3; State v. Krantz, 24 Wash.2d 350, 164 P.2d 453; U. S. v. Miller, 307 U.S. 174, 59 S.Ct. 816, 83 L.Ed. 1206; English v. State, 35 Tex. 473, 14 Am.Rep. 374; Pierce v. State, 42 Okl.Cr. 272, 275 P. 393; People v. Persce, 204 N.Y. 397, 97 N. E. 877. And in several of the States the legislatures have enacted statutes providing that a person who has been convicted of a felony shall not own a pistol or have one in his possession.

■ Although, under strict interpretation, the term "larceny" might not be held to be a crime of violence, yet, after indulging all reasonable presumptions and intendments in favor of the constitutionality of the statute under the required rule, we cannot say that designating larceny as a crime of violence renders the classification "wholly devoid of any semblance of reason to support it, as to amount to mere caprice, depending on legislative fiat alone for support". Hutcheson v. Atherton, supra [44 N.M. 144, 99 P.2d 465].

■ Defendant being charged with the commission of a felony, the Jefferson County Court of Misdemeanors was without jurisdiction to proceed to final judgment, and the court's action in binding him over to await the action of the grand jury was proper, and the defendant was not placed in jeopardy by such proceeding. Alabama Digest Criminal Law, ☜167.

The evidence for the State tended to show that the officers received a complaint that defendant had a pistol and was creating a disturbance in the 800 block of Third Alley, North. When the policemen arrived on the scene the defendant ran. The officers gave chase and caught the defendant after he ran under a house. Defendant was taken back to the scene of the disturbance where Norma Holmes and her sister identified him as the person involved in the disturbance. The pistol was found under the house where defendant was apprehended and defendant admitted that was the pistol he had at the time of the disturbance.

S. H. Cook, a City Detective, testified, after proper predicate, that after defendant was placed in jail he told the officer that he had gotten into an argument with a colored boy at a cafe and this boy had a pistol and defendant took it away from him and was carrying it at the time the officers drove up. When he saw the officers he ran under the house, and left the pistol under the house. The pistol, identified as a 765, Belgium make, same as a thirty-two, was introduced in evidence by the State. The State also introduced evidence to the effect that defendant was convicted of larceny in the Circuit Court of Jefferson County on February 19, 1951.

As a witness in his own behalf defendant testified that prior to September 11, 1951, he was convicted of the crime of larceny and served two years in the penitentiary for said offense. On the occasion involved here he was arrested about 3:30 A. M. He had had a fight with Thomas Holmes at a cafe and took the pistol from Holmes, but he told Holmes he only took the pistol in defending himself and would return it to Holmes' father. He was staying next door to the Holmes' and later when he drove up Thomas Holmes, his mother, aunt and younger brother came out and the trouble started again and the police were called.

On cross-examination defendant testified that he had also been convicted of burglary and grand larceny in the State of Michigan, and admitted he took the pistol from his pocket and placed it under the house.

■ The evidence was ample to sustain the judgment of conviction and there was

no error in the court's action in overruling the motion for a new trial.

The judgment of the trial court is affirmed.

Affirmed.