103 So.2d 341

**Ernest MASON**

v.

**STATE.**

5 Div. 660.

Supreme Court of Alabama.

March 6, 1958.

Rehearing Denied June 12, 1958.

Glen T. Bashore and Walter Hayden, Jr., Clanton, for petitioner.

John Patterson, Atty. Gen., and Geo. Young, Asst. Atty. Gen., opposed.

SIMPSON, Justice.

Petition of Ernest Mason for certiorari to the Court of Appeals to review and revise the judgment and decision of that Court in Mason v. State, 103 So.2d 337.

We originally denied the writ in this case, but on application for rehearing the rehearing was granted and the writ was granted, thus bringing up for review the opinion and judgment of the Court of Appeals.

On a careful and studious consideration we are of the opinion the judgment of the Court of Appeals should be. affirmed. So ordered.

Affirmed.

All the Justices concur except STAKE-LY, J., not sitting and COLEMAN, J., who dissents as shown by his opinion hereafter appearing.

COLEMAN, Justice (dissenting).

Prior to 1939, the Constitution of 1901, § 124, placed the pardoning power in the governor, by the following language:

"The Governor shall have power * * * after conviction, to grant * * * pardons * * *. Pardons in cases of felony and other offenses involving moral turpitude shall not relieve from civil and political disabilities, unless approved by the Board of Pardons and specifically expressed in the pardon."

In construing the Constitution of 1875, § 12 of Article V, where the grant of pardoning power was given to the governor in substantially the same language, this court said:

"It is the settled law that this grant includes power to grant conditional pardons, the condition to be either precedent or subsequent, or of any nature so long as it is not illegal, immoral, or impossible of performance, and that a breach of the condition avoids and annuls the pardon. * * *

"The power to grant pardons, absolute or conditional, cannot, of course, be taken away from the executive, nor limited by legislative action, but the general assembly may enact laws to render its exercise convenient and efficient. * * *" Fuller v. State, 122 Ala. 32, 37, 26 So. 146, 147, 45 L.R.A. 502.

It thus appears that prior to ratification of Amendment XXXVIII, proclaimed July 21, 1939, which date was subsequent to the conviction of the defendant, Mason, the legislature had no power to impose conditions on an unconditional pardon granted by the governor. Prior to Amendment XXXVIII, § 174, Title 14, could only apply to a convict who had not received an unconditional pardon from the governor.

Section 174, Title 14, originated in an act known as the Uniform Firearms Act, approved April 6, 1936, Acts 1936, Extra Session, page 51. At that time, the legislature had no power to limit an unconditional pardon granted by the governor.

We ought not to attribute to the legislature an intent to usurp the power of the governor contrary to the Constitution, and, therefore, ought not to construe the Act of 1936 as applying to convicts who had been pardoned unconditionally by the governor. Prior to 1939, § 174, Title 14, could not apply to a convict who had received an unconditional pardon.

Since 1939, the power to place conditions on pardons rests in the legislature. It does not affirmatively appear, however, that the legislature has undertaken to enlarge the effect of the 1936 Act in its application to a person granted an unconditional pardon with restoration of civil rights.

If, in twice amending the Act of 1936, the legislature intended to give § 174, Title 14, an effect it did not have and could not have in 1936, the language employed does not express that intention. An intention to enlarge the scope of a criminal statute ought to be clearly expressed.

It would further appear that an intention to limit the pardoning power of the Board of Pardons and Paroles would more properly appear as an amendment to § 16, Title 42, instead of as an amendment to the Firearms Act at § 174, Title 14.

It will be noted that § 124 of the Constitution of 1901, and Amendment XXXVIII both provide that no pardon shall relieve from civil and political disabilities unless "expressed in the pardon". Section 16 of Title 42, Code of 1940, contains the same provision. This proviso must mean that when the pardon does ex-

pressly restore civil rights, then the person pardoned is relieved from all loss of civil rights, unless and except as the pardon itself may limit the restoration. The pardon, as pleaded in the instant case, appears on its face to be full and unconditional by its express terms, and recites in pertinent part as follows:

"Ernest Mason is hereby granted a full Pardon, and it is further ordered that all civil and political rights of which he was by law deprived upon his conviction be and they are hereby restored."

Acting under Amendment XXXVIII by act approved August 25, 1939, Acts 1939, page 426, now § 16, Title 42, Code 1940, the legislature granted to the Board of Pardons and Paroles, the power to grant pardons, after conviction. The decision of the Court of Appeals holds, in effect that § 174, Title 14, fastens a condition on every otherwise unconditional restoration of civil and political rights granted by the Board to persons convicted of a crime of violence.

While it is not necessary at this time to consider the authority of the legislature to impose such a condition on all pardons, I am of opinion that the legislature had not exercised that power at the time the pardon was granted in the instant case.

The right to bear arms is guaranteed by § 26, Constitution of Alabama of 1901; Amendment II, U. S. Constitution. I am of opinion that this is a right as distinguished from a privilege. The right may be forfeited and the citizen may lose it, for violation of law, after due process.

The act for which petitioner was convicted, i. e., possession of a pistol in the home, is not an act malum in se or even malum prohibitum under the present laws of Alabama, unless made so by § 174 of Title 14, Code 1940.

Such an act ought to be distinguished from an act which brings into effect the provisions of multiple offender statutes relied on by the Court of Appeals. In applying those statutes, the offender is made subject to the penalties therein provided by his commission of the third or last act therein forbidden, namely, a third act of violence which itself is malum in se or at least malum prohibitum, whether done by the pardoned convict or by any other person. Mere possession of a pistol in the home is not an act of violence or in itself wrong.

"* * * as previously observed pardon orders are to be liberally construed in favor of the person pardoned. * * * and no particular language or form is necessary. * * *." Hogan v. Hartwell, 242 Ala. 646, 651, 7 So.2d 889, 892.

In the present condition of the statute, I am of opinion that the circuit court erred in sustaining the State's demurrer to defendant's special plea which set up the unconditional pardon as a defense to the charge of which Mason was convicted, and would, therefore, reverse the Court of Appeals.