257 So.2d 375

James BELL

v.

STATE.

I Div. 57.

Court of Criminal Appeals of Alabama.

Jan. 25, 1972.

Charles R. Butler, Jr., Mobile, for appellant.

MacDonald Gallion, Atty. Gen., and Lloyd G. Hart, Asst. Atty. Gen., for the State.

PER CURIAM.

Appellant was indicted by the Grand Jury of Mobile County. Said indictment charged appellant with the offense denounced by Tit. 14, § 174, Code of Alabama, 1940, recompiled 1958, which reads as follows:

"§ 174. (a) No person who has been convicted in this state or elsewhere of committing or attempting to commit a crime of violence shall own a pistol or have one in his possession or under his control.

"(b) No person who is a drug addict or an habitual drunkard shall own a pistol or have one in his possession or under his control."

The indictment was drawn under subsection (a) of the above Section of the Code, supra.

Margaret Bernadette Jones, a witness for the State, testified in substance that there had been trouble between her and appellant; that appellant came to her home and drew a pistol and pointed it in her direction; that she saw the pistol which she described as a "nickel plated pistol;"

and that Donald James was present at the time.

Donald James, also a witness for the State, testified regarding appellant's possession of a pistol on the occasion in question in substance that he was present at the home of Margaret Bernadette Jones; that he was standing with his back to appellant and that she was telling him "not to come to her house again and he said something to her about, are you afraid of me;" that the witness Jones suddenly screamed and said he had a gun and that he, James, turned and saw the gun; that it was a silver revolver, .22 or .32 or something like that; that appellant was putting it back inside his belt when he turned around; that he had known appellant practically all of his life; that the object he saw "had the shape of a pistol, a revolver;" that it could have been a cap pistol; and that he knew appellant was convicted for robbery eight or nine years previously.

Myrtle Trott, a witness for the State and custodian of the records of the Mobile County Circuit Court, testified that the Court records show that James Bell was convicted of robbery on June 22, 1960.

Appellant testified in his own behalf that he did not have a gun on the occasion in question and that in 1960 he had been convicted of robbery, for which he served a sentence of ten years. He further stated that he did not own a gun.

Appellant was convicted and sentenced to imprisonment in the State Penitentiary for two and one-half years. Hence, this appeal.

The only complaint made by appellant in brief is in substance that the evidence is insufficient to sustain a conviction.

It is the opinion of this Court that the evidence clearly raised a jury question, which was decided by the jury adverse to the appellant. There is no error in that respect.

The penalty imposed was within the limits allowed by the law of this State. Tit. 14, § 186, Code, supra.

The indictment followed the statute in describing the charge and we think it is sufficient. Jackson v. State, 37 Ala. App. 335, 68 So.2d 850. Robbery is a crime of violence within the meaning of that term as it is used in the section of the Code of Alabama denouncing the offense with which appellant was charged. Tit. 14, § 172, Code, supra. See also *Jackson,* supra.

We have carefully searched the record and find no reversible error therein. The judgment is therefore affirmed.

The foregoing opinion was prepared by L. S. MOORE, Supernumerary Circuit Judge, and adopted by this Court as its opinion.

Affirmed.