BOWEN, Judge.
The appellant was indicted and convicted for the possession of a pistol after having been convicted of committing a crime of violence. The trial court, sitting without a jury, sentenced the appellant to three years’ imprisonment.
The facts were stipulated and reveal that the appellant admitted being found in possession of a pistol on November 26, 1976; that the pistol was his and that he had owned it for approximately two years and that he had a prior conviction for burglary.[1] In defense the appellant maintained that he had a pistol permit which was issued to him on March 29, 1976, by the Montgomery County Sheriff’s Department. Although the application for the permit was approved by the county sheriff’s department and the Montgomery Department, no response or answer was indicated on the application in response to the question, “Have you ever been convicted of any criminal offense, including misdemeanor or traffic violation?”
Title 14, § 174(a), Code of Alabama 1940 (§ 13-6-152, Code of Alabama 1975) provides that
“(a) No person who has been convicted in this state or elsewhere of committing or attempting to commit a crime of violence shall own a pistol or have one in his possession or under his control.”
*691 This section is constitutional and a reasonable regulation by the state under its police power. Jackson v. State, 37 Ala.App. 335, 68 So.2d 850 (1953). The purpose of § 174 is to protect the citizens of this state and it
“evinces a clear intention on the part of the legislature to protect the citizens of this State from the actions of that class of persons, who by their past acts, have shown themselves unsuitable and unfit to own and possess pistols.” Mason v. State, 39 Ala.App. 1, 5, 103 So.2d 337 (1956), affirmed, 267 Ala. 507, 103 So.2d 341 (1958).
In holding that the provisions of § 174 were not vitiated or destroyed by a pardon subsequently granted to the ex-felon, the court noted:
“(T)his appellant is in no position to complain that because of a past act of violence he has placed himself in a class of citizens deemed unfit by the legislature to own or possess a pistol. He has himself determined his civil classification, and must abide by the reasonable restrictions placed upon the class within which he falls.” Mason, supra, 39 Ala.App. 5, 103 So.2d 341. (Emphasis added)
A reading of Mason convinces us that the above quoted portion of § 174 does not conflict with the following quoted portion of § 177 (§ 13-6-155, Code 1975).
“The sheriff of a county may, upon the application of any person residing in that county, issue a qualified or unlimited license to such person to carry a pistol in a vehicle or concealed on or about his person within this state for not more than one year from date of issue, if it appears that the applicant has good reason to fear injury to his person or property or has any other proper reason for carrying a pistol, and that he is a suitable person to be so licensed.” (Emphasis added)
Under these authorities, it is clear to this court that any person who has been convicted of committing or attempting to commit a crime of violence is not a suitable person to be licensed to own a pistol or have one under his possession or control. The sheriff therefore had no authority to issue a pistol permit to the appellant and the license is void.
The conviction of the appellant is therefore due to be affirmed and is so ordered.
AFFIRMED.
All Judges concur.

. Under Title 14, § 172, Code of Alabama 1940 (§ 13-6-150, Code 1975), burglary is a crime of violence.