TYSON, Judge.
Randy Greg Thompson was indicted for and convicted of the theft of “one 1974 Chevrolet Corvette automobile ... of the value of $7,200.00, the personal property of George B. Toumbacaris.” Thereafter, the *286 trial court sentenced the appellant to ten years’ imprisonment.
During the night of August 2, 1979, sometime after 11:00 p. m., a 1974 Corvette automobile belonging to George B. Toumba-caris was stolen from in front of his residence. Later that evening State Trooper George Leak monitored this automobile being driven at an excessive speed in the north bound lane of 1-65 just north of Montgomery, Alabama. He gave chase at speeds in excess of 110 miles per hour and caught the vehicle, only after the driver had carelessly suspended it on a concrete culvert in the median near the Highway 14 (Pratt-ville-Wetumpka) exit. As he approached the vehicle, Officer Leak saw the appellant emerge from the driver’s side carrying a “briefcase” and disappear over the guard rail.
The “briefcase”, which was found a short time later, contained a “Curtis Key Cutter”, and portable drill, and some blank keys (equipment which could be used in a car theft). A police expert, subsequently, identified appellant’s fingerprints on several of these items. As a result, the appellant was located and arrested.
While inventorying the appellant’s wallet at the police station, one of the officers found a slip of paper with Mr. Toumbaear-is’s address on it. When he handed it to another officer, the appellant grabbed the slip of paper and ate it. (This bit of circumstantial evidence was introduced during the state’s case in chief and was reiterated during the state’s rebuttal which was allowed over appellant’s objection, after the state had at first indicated there would be no rebuttal.)
Appellant’s defense consisted primarily of “alibi” witnesses, including his wife, his sister, and his brother, whose combined testimonies placed the defendant at home at the time of the theft.
The jury chose to believe the state’s evidence rather than the testimonies of appellant’s relatives, and returned a verdict of “guilty as charged”.
I
Appellant contends that the trial court abused its discretion when it allowed the state to reopen the case after the state indicated there would be no rebuttal. We disagree.
At the close of the defendant’s case the trial court asked for rebuttal at which time the state said it had none. The trial court then called for a short recess before closing arguments. Immediately after the recess and before any arguments were made, the trial court in a bench conference with both attorneys, allowed the state to reopen the case. The rebuttal testimony (R. 153) merely clarified the prior testimony (R. 60) regarding the alleged slip of paper with Mr. Toumbacaris’s address on it, which was found in appellant’s wallet. The appellant then took the stand in surrebuttal and denied that such a slip of paper even existed.
Based on the facts as shown in this record, we find that the trial court was within the limits of its discretion in allowing the rebuttal testimony. Section 15-14-4, Code of Alabama 1975. Hall v. State, Ala.Cr.App., 352 So.2d 40 (1977); Crow v. State, Ala.Cr.App., 365 So.2d 1254 (1978), cert. denied, Ala., 365 So.2d 1256 (1979).
II
Appellant also contends that the court committed reversible error in refusing two of appellant’s written requested jury charges.
A
One refused charge stated:
“The State must prove its charge and prove it beyond a reasonable doubt, by the evidence. The assertions of counsel are not evidence.”
We would agree with appellant that the failure to give this charge (when timely requested) or to cover same in the trial court’s oral charge could constitute reversible error in cases where improper arguments of counsel have been made by the prosecution and objected to by appellant. Lane v. State, 85 Ala. 11, 4 So. 730 (1888).
*287 However, holdings on point with the instant case set out the contrary rule that where, as here, there are no contentions of improper argument by counsel, and no recorded objections to any arguments of opposing counsel, then the above charge need not be given. Peck v. State, Ala.Cr.App., 383 So.2d 209, 213 (1980); Howard v. State, Ala.Cr.App., 390 So.2d 1070, cert. denied, Ala., 390 So.2d 1077 (1980).
In discussing the ruling in Lane, supra, this court stated in Howard, supra, that:
“Appellant urges error by reason of the court’s refusal of defendant’s requested charge No. 10:
T charge you, members of the jury, that the Prosecution must prove its charge, and prove it beyond a reasonable doubt, by evidence. The assertions of counsel are not evidence.’
Appellant relies upon Morse v. State, 49 Ala.App. 203, 269 So.2d 916 (1972). In Lamar v. State, Ala., 356 So.2d 680, rev’g Ala.Cr.App., 356 So.2d 677, Justice Shores makes it clear that what was held in Lane v. State, 85 Ala. 11, 4 So. 730 (1888), relied upon in Morse v. State, supra, as to a similar charge, should be restricted to the circumstances shown in Lane in which there had been an improper argument by the prosecuting attorney. There is no contention here that there was any improper argument by counsel for the State. The record shows affirmatively that no objection was made as to any argument by counsel for either party. Charge 10 was properly refused. Brown v. State, Ala.Cr.App., 369 So.2d 56 (1979).”
Since the transcript in this case, likewise, reveals no improper arguments of counsel for either party, we follow the rule in Howard, supra, in determining that no error occurred in rejecting this jury charge.
B
Appellant also asserts as reversible error the failure to give his jury charge which stated:
“The Court charges the jury, if the jury upon considering all the testimony have a reasonable doubt about the defendant’s guilt arising out of any part of the evidence, they should find the defendant not guilty.”
This charge has been accepted as a correct rule of law which must be given when requested or covered by the trial court’s oral charge. Walker v. State, 117 Ala. 42, 23 So. 149 (1898); Sanford v. State, 37 Ala.App. 603, 75 So.2d 109, cert. denied, 261 Ala. 699, 75 So.2d 85 (1954).
This specific charge was clearly rejected by the trial court in the instant case. However, having thoroughly reviewed the transcript, it is our opinion that the legal principle involved was “substantially covered in the trial court’s oral charge.” (R. 162-168). In pertinent part the trial court instructed the jury at (R. 163, 164) as follows:
“A reasonable doubt is a term that addresses itself to your good common sense definitions which are just as good, if not better a lot of times, than the legal definitions lawyers or judges use. But a reasonable doubt is a doubt for which there is a reason, a reason that comes from that stand from what you have heard, the evidence, all of it, part of it or lack of it. If after considering all of the evidence, you have a doubt, then that is the kind of doubt that entitles someone to an acquittal. If you do not have such a doubt, then the State is entitled to a conviction. Another way of saying that is after listening to all of the evidence or part of it you ask yourself the question is Mr. Thompson guilty of larceny; is he the one? And if the answer that freely and naturally flows back to you is I doubt that he is and if that doubt comes from that stand, from what you heard, either all of what you heard or part of what you heard, then, that is kind of doubt, if you have such a doubt, that entitled someone to an acquittal.”
Thus there is no merit to appellant’s contention on this refused charge. This case is due to be and is hereby affirmed.
AFFIRMED.
All the Judges concur.