On February 15, 1981, the appellant, Oscar Bristow, was arrested and later charged with the possession of a pistol after being previously convicted for a crime of violence in violation of Section 13A-11-72 (a), Code of Ala. 1975, and with altering the identification marks on a pistol in violation of Section 13A-11-82, Code of Ala. 1975. Appellant was indicted for both of these offenses by the May, 1981, term of the Montgomery County Grand Jury.
A Motion to Suppress and Demurrer were filed and after a hearing, they were denied on June 15, 1981.
On June 25, 1981, the appellant was tried before the court without a jury and was acquitted of altering the identification marks on a pistol and convicted of being an ex-felon in possession of a pistol. The appellant was sentenced to a term of two (2) years in the penitentiary under the split sentence law conditioned on serving seven (7) full months in the penitentiary and the other seventeen (17) on probation.
Appellant appeals to this Court. Appellant is presently on appeal bond.
The appellant was represented at all proceedings in the trial court by counsel of his choice, and is so represented in this Court. *Page 929 
This appeal was submitted to this Court on briefs.
The appellant states in his brief three reasons why this case should be reversed: First, Sec. 13A-11-72 (a) of the Code Of Alabama, 1975 is unconstitutional. Second, the trial court overruled appellant's motion to suppress certain evidence. Third, the state failed to make out a prima facie case.
State's evidence tended to prove that Police Officers Linskey and Lykes, of the Montgomery Police Department, while on patrol duty at about 5:30 P.M. on February 15, 1981, received a report by radio from the Police Department to investigate an alleged shooting in progress in the vicinity of Lincoln Apartments, 1133-A Chandler Street, in the City of Montgomery, Alabama; that while in route to the apartment, they received over the police radio a description of the suspect; that he was a black male wearing a black hat, blue jeans, dark coat, and was about thirty years old; that when they arrived in the vicinity of the Lincoln Apartments, they observed the appellant, along with several other black males, standing in a group; that the appellant had his back toward the officers, and was wearing a black hat, blue jeans, and dark coat, and was fumbling with his pants; that as the officers approached the group, a black male pointed at the appellant, and in the presence and hearing of the group of men, advised the officers that the appellant was the one with the pistol; that as the officers approached the appellant to ask him about it, the appellant turned and ran; that the officers chased the appellant around the apartment building, and caught up with him just as he entered the door of Apartment 1122-A, Lincoln Apartments; that during the chase the appellant kept fumbling with his pants; that one of the officers tussled with the appellant until the officer got the appellant handcuffed; that while the officer was tusseling with the appellant on the floor of the front room of the apartment, the appellant threw something over in the corner near the door; that after the appellant was subdued an officer found a .22 RG Pistol over in the area in which the appellant had thrown something during the tussle; the pistol was kind of behind the front door, and was loaded with four or five live shells, and one spent shell; that the pistol had no serial number on it.
State's evidence further tended to prove that a Mrs. Boyd lived in Apartment 1122-A, Lincoln Apartments; that the appellant did not live in that apartment; that Mrs. Boyd was in the kitchen of her apartment, and did not give anyone the right to search it; that the appellant and the officer just kind of broke into her house, and that when they came in, she did not invite them in; that she saw the officer find a pistol behind the front door in her front room; that earlier in the day she saw the appellant in her house with some other men, and that appellant had a pistol in his hand showing it to the men; that the .22 RG Pistol is not hers, and she did not know who it belonged to, or who put it where the officer found it; that she does not know if the .22 RG Pistol is the same pistol the appellant had in his hand earlier in the day showing it to the men in her house.
State's evidence further tended to prove that the appellant was convicted of burglary and grand larceny in the Circuit Court of Montgomery County on July 26, 1971, and that the .22 caliber pistol would fire.
The appellant testified, in substance, that on February 15, 1981, at about 2:00 o'clock, P.M., he was at Ruth Boyd's house attending a little party; that there were fifteen or sixteen men there sitting around and talking and drinking; that there was a guy there trying to sell a collector's item, an old fashioned navy colt that does not fire, just something that people order in a book, and try to make a little profit on; that the appellant had it in his hand; that he had never seen, or had in his possession, state's exhibit number one, a .22 RG Pistol introduced into evidence by the state, at any time before June 25, 1981, the day of the trial; that he was paroled out of the state penitentiary in 1978 on a charge of burglary, and released from parole in 1979; that he had two jobs, and has not been in any trouble since he was paroled; that he did *Page 930 
not know of any shooting going on around the time before the officers arrived; that the party had been over 45 minutes or an hour when the officers arrived, and he was standing with several people around in front of the apartment; that when the officers came up, he ran because he was afraid that he would wind up in the city jail because he had been hassled a time or two by the police before; that he was wearing a black leather coat, and a black hat.
The appellant argues in his brief that Section 13A-11-72 (a) of the Code of Alabama, 1975 is unconstitutional because it makes the offense both a felony and misdemeanor. Section13A-11-72 (a) provides that:
 "No person who has been convicted in this state or elsewhere of committing or attempting to commit a crime of violence shall own a pistol or have one in his possession or under his control."
Section 13A-11-72 (b) provides that:
 "No person who is a drug addict or a habitual drunkard shall own a pistol or have one in his possession or under his control."
Section 13A-11-84 (a) provides:
 "Every violation of subsection (a) of Section 13A-11-72 or of section 13A-11-81 or 13A-11-82 shall be punished by imprisonment for not more than five years. Every violation of subsection (b) of section 13A-11-72 or of sections 13A-11-73, 13A-11-74 and 13A-11-77 through 13A-11-80 shall be punishable by imprisonment for any term less than one year or by a fine of not more than $500.00 or both. The punishment for violating sections 13A-11-78 or 13A-11-79 may include revocation of license."
Burglary is defined as a crime of violence by Code Of Alabama, 1975, Section 13A-11-70.
The appellant takes the position in his brief that because the crime described in 13A-11-72 (a) was not specifically classified as a Class A, B, or C Felony it cannot be determined whether it is a felony or misdemeanor, and that the statute is therefore unconstitutional. We do not agree with the appellant that 13A-11-72 (a) is unconstitutional for the above reason. This Court has recently decided the law to be otherwise. Section 13A-11-84 (a) specifically provides that the violation of subsection (a) of section 13A-11-72 shall be punishable by imprisonment for not more than five years, and is a Class C Felony. Nunnery v. State, Ala.Cr.App., 410 So.2d 444.
The appellant further contends in his brief that Section13A-11-72 (a) is unconstitutional because it violates appellant's constitutional rights to bear arms, constitutes cruel and unusual punishment, and denies equal protection of the law and due process of law.
All reasonable meanings must be indulged to support the constitutionality of Acts of the Legislature, including classification adopted by the lawmakers, and this Court should not declare a statute invalid unless the classification is clearly arbitrary, and clearly violates a constitutional right of the appellant. It is well within the power of the Legislature to deal with the constitutional right to bear arms in defense of himself, and it is subject to reasonable
regulation by the State under its police power. We hold that Section 13A-11-72 (a) is constitutional, and does not violate the appellant's constitutional rights. Mason v. State,39 Ala. App. 1, 103 So.2d 337, affirmed 267 Ala. 507, 103 So. 341;Jackson v. State, 37 Ala. App. 335, 68 So.2d 850; CertiorariDenied, 260 Ala. 698, 68 So.2d 853; Crawford v. State, Ala.Cr.App., 356 So.2d 690; Certiorari Denied, Ala.,356 So.2d 691; Hyde v. City Of Birmingham, Ala.Cr.App., 392 So.2d 1226;Certiorari Denied, Ala., 392 So.2d 1229.
The appellant filed a motion to suppress certain evidence: One .22 RG Pistol because it was seized in a search contrary to the Constitution of the United States, and to the Constitution and laws of the State Of Alabama. Appellant argues in his brief that the officers obtained state's exhibit one, an RG Pistol, as a fruit of an illegal search of the home of Mrs. Ruth Boyd. We *Page 931 
cannot agree that the appellant has standing to raise the illegality of the search of Mrs. Boyd's home. The evidence is without conflict that the police officers were chasing the appellant when he ran into the home of Mrs. Boyd; that he did not live there. Mrs. Boyd stated that she did not invite him to enter, but that when she was in the kitchen, the appellant and the officer just kind of broke into her house. There was evidence that the appellant lived elsewhere in Montgomery. State's evidence tended to prove that the appellant ran into Mrs. Boyd's home in an effort to evade the officer who was chasing him.
We, therefore, hold that the appellant was without standing to object to the search for the pistol, or the admission of the pistol into evidence seized in Mrs. Boyd's home because of an illegal search. Johnson v. State, Ala.Cr.App., 353 So.2d 62;Wilson v. State, 57 Ala. App. 125, 326 So.2d 316; CertiorariDenied, 295 Ala. 429, 326 So.2d 319; Davidson v. State,48 Ala. App. 446, 265 So.2d 888; Certiorari Denied, 289 Ala. 741,265 So.2d 897; McCraney v. State, Ala.Cr.App., 381 So.2d 102;McGee v. State, Ala.Cr.App., 383 So.2d 881; Rakas v. Illinois,439 U.S. 128, 99 S.Ct. 421, 58 L.Ed.2d 387.
The appellant contends in his brief that the trial court erred to his prejudice when it overruled his motion to exclude state's evidence. When the state rested its case, the appellant moved to exclude state's evidence on the ground that the state failed to prove a prima facie case. Whereupon, the state offered state's exhibits three and four in evidence, and state's exhibit three was introduced into evidence without objection from the appellant. State's exhibit three was a duly certified copy of a judgment of a conviction by a jury of the appellant on July 26, 1971 on a charge of burglary and grand larceny in the Circuit Court of Montgomery County, Alabama. It was duly certified by the Clerk of the Circuit Court of Montgomery County, and identified by Mrs. Pauline C. Eubanks, as such clerk. Whereupon, the state then rested its case. The appellant's counsel called the appellant as a witness in his own behalf. The appellant admitted that he was paroled out of the penitentiary in 1978 on a charge of burglary, and released from parole in 1979. Appellant argues in his brief that at the time the state rested its case against him that there was insufficient evidence to make out a prima facie case for two reasons. First, that there was no evidence before the trial court at the time of the motion to prove the appellant had a prior conviction of committing, or attempting to commit, a crime of violence. Second, that there was no evidence before the trial court that the appellant had owned a pistol, or had one in his possession, or under his control, since such conviction.
The record reveals that after the state rested, the court allowed the state to reopen its case and prove that the appellant was convicted for burglary, a crime of violence, in the Circuit Court of Montgomery County, Alabama, on July 26, 1971. Section 15-14-4 of the Code Of Alabama, 1975, provides:
 "The court may, at its discretion, at any time before the conclusion of the argument, when it appears to be necessary to the due administration of justice, allow a party to supply an omission in the testimony on such terms and under such limitations as the court may prescribe."
We hold that the trial court did not err to the prejudice of the appellant by exercising its discretion in allowing the state to reopen its case. Bellenger v. State, Ala.Cr.App.,406 So.2d 995; Certiorari Denied, Ala. 406 So.2d 998; Section15-14-4, Code Of Alabama, 1975; Williams v. State, Ala.Cr.App.,364 So.2d 717; Ford v. State, Ala.Cr.App., 383 So.2d 601;Thompson v. State, 401 So.2d 285; Colston v. State, 57 Ala. App. 4, 325 So.2d 520; Nichols v. State, 276 Ala. 209,160 So.2d 619.
On testing the sufficiency of the state's evidence to sustain the court's judgment, this Court must consider it favorable to the state. When there is evidence before the judge to sustain a conviction, this Court has no right to disturb the judgment.Colston v. State, supra. We hold that the *Page 932 
evidence in this record fully sustains the court's judgment finding the appellant guilty as charged in the indictment.
The judgment of the trial court is due to be and is hereby affirmed.
The foregoing opinion was prepared by Honorable Joseph J. Mullins, a retired Circuit Judge, serving as a Judge of this Court; his opinion is hereby adopted as that of the Court.
The judgment below is hereby affirmed.
AFFIRMED.
All the Judges concur.