Appellant, John F. Hoskins, was indicted by the Russell County Grand Jury, in its spring 1983 term, for the offense of owning a pistol or having it in his possession, or under his control after having been convicted of assault on a peace officer, in violation of § 13A-11-72 (a), Code of Alabama (1975). On June 22, 1983, appellant was tried and convicted of the offense charged and was sentenced to three years' imprisonment in the state penitentiary.
At 1:47 a.m., on March 12, 1983, Deputy Sheriff Sollie Pate stopped appellant for speeding. When he shined a light into appellant's car he saw a .22 revolver lying in the front floorboard on the driver's side. When he retrieved the gun, he saw that it was fully loaded and that the hammer was pulled back. Deputy Pate confiscated the gun.
Pate placed appellant under arrest for Driving Under the Influence and for Reckless Driving. He discovered during his investigation that appellant's possession of the gun was not merely possession without a license, but was a felony possession because of his previous conviction for assaulting a peace officer.
Appellant argues on appeal that § 13A-11-72 (a), Code of Alabama (1975), is unconstitutional because it denies him, as *Page 1270 
one who has been convicted of a crime of violence, his right to keep and bear arms as guaranteed under the Second Amendment to the United States Constitution.
Appellant's arguments in this regard have been fully addressed, most recently in Bristow v. State, 418 So.2d 927
(Ala.Cr.App. 1982). See also Mason v. State, 39 Ala. App. 1,103 So.2d 337 (1956), aff'd, 267 Ala. 507, 103 So.2d 341 (1958), cert. denied, 358 U.S. 934, 79 S.Ct. 323, 3 L.Ed.2d 306 (1959);Jackson v. State, 37 Ala. App. 335, 68 So.2d 850, cert. denied,260 Ala. 698, 68 So.2d 853 (1953). The court in these cases held that the constitutional guarantee of the right of a citizen to bear arms is subject to reasonable regulation by the state under its police power, and that the classification created under the statute is warranted and is clearly a reasonable exercise of the State's police power.
Appellant also contends that the trial court did not give proper consideration to an inconsistent statement made by Deputy Pate prior to the suppression hearing regarding the revolver confiscated by Pate. A written report prepared by Deputy Pate stated that the revolver was found "under the front seat." At the suppression hearing Deputy Pate testified that the pistol was lying in plain view on the floorboard.
It is well established that conflicting evidence presented at a suppression hearing raises a question for the trial judge, and that the weight and credibility of a witness's testimony is also to be determined by the judge. Myers v. State,431 So.2d 1342 (Ala.Cr.App. 1982); Brumback v. State, 371 So.2d 999
(Ala.Cr.App. 1979); Smith v. State, 351 So.2d 668
(Ala.Cr.App.), cert. denied, 351 So.2d 675 (Ala. 1977). The phrase "under the front seat" is ambiguous, and the degree of conflict with the later statement made by Deputy Pate, as well as the credibility of Deputy Pate as a witness, was a question for the trial judge. We find that the evidence presented at the suppression hearing was sufficient to warrant a finding by the judge that the seizure of the revolver was permissible under the plain view exception to the warrant requirement. Myers, supra.
We have carefully searched the record for errors prejudicial to the substantial rights of the appellant and have found none. The judgment of conviction is thus affirmed.
AFFIRMED.
All the Judges concur.