The appellant, Howard Luther Dickerson, was found guilty of owning, or having in his possession, or under his control, a pistol, after having been convicted of a violent crime, in violation of § 13A-11-72(a), Code of Alabama (1975). He was sentenced to forty-five years in the State penitentiary, pursuant to the Habitual Felony Offender Act. The trial court denied the appellant's motion for new trial or, in the alternative, judgment for acquittal.
The Anniston Police Department undertook a surveillance of the appellant. Officer Doggrell testified that, twelve days prior to the appellant's arrest, he observed the appellant walk up to a white Chrysler and pull out a pistol that was in a shoulder holster and put it inside the vehicle and speed away. On the day of the arrest, Officer Doggrell and other officers observed the appellant and his wife drive to the same location in the same vehicle. The appellant got out on the driver's side and was approached by the officers. He looked back toward the car door, which was open, made a move toward it, and stopped. Officer Doggrell then observed a pistol butt sticking up between the front seats, and the appellant was placed under arrest.
 I
The appellant argues that the evidence was insufficient to support his conviction because the State's case was based on circumstantial evidence. Further, he alleges that both the gun and the automobile in which the pistol was found were owned and possessed by his wife. In addition to the facts presented above, the State also introduced evidence that a fingerprint found on the pistol matched the fingerprints of the appellant taken after his arrest. Further, the prosecution showed that he had been previously convicted of murder in 1969.
 "[U]nder Alabama law, circumstantial evidence is considered proper evidence. This court has repeatedly stated that the test which must be applied is not whether the circumstantial evidence excludes every reasonable hypothesis [except that] of guilt, but rather, where a jury might reasonably find that the evidence excluded every reasonable hypothesis except that of guilt. [Citations omitted.] Additionally, circumstantial evidence will support a conviction as strongly as direct evidence, provided that the circumstantial evidence points to the guilt of the accused." Moore v. State, 474 So.2d 190, 194-95 (Ala.Cr.App. 1985).
Also, this court has written:
 "Further, '[a] verdict of conviction will not be set aside on the ground of insufficiency of the evidence, unless, allowing all reasonable presumptions for its correctness, the preponderance of the evidence against the verdict is so decided as to clearly convince this [c]ourt that it was wrong and unjust.' " Scanland v. State, 473 So.2d 1182, 1185 (Ala.Cr.App. 1985).
In a case similar to the case sub judice, this court has stated:
 "On testing the sufficiency of the state's evidence to sustain the court's judgment, this Court must consider it favorable to the state. When there is evidence before the judge to sustain a conviction, this Court has no right to disturb the judgment." Bristow v. State, 418 So.2d 927, 931
(Ala.Cr.App. 1983).
Further, possession of the weapon may be constructive. "The issue of possession or control, either active or constructive, of a pistol by appellant was a question of fact for the jury to resolve, and the evidence was in conflict." Wigley v. State,456 So.2d 339, 339-40 (Ala.Cr.App. 1982). The evidence was sufficient to sustain the jury's finding.
 II
The appellant alleges that Code of Alabama (1975) §13A-11-72(a), is unconstitutional as it applies to this case because, he says, a statute forbidding certain persons to possess a pistol is unconstitutional and because the statute requires no specific intent to commit the crime. The appellant argues that because no specific intent is required, he was subjected to criminal *Page 627 
liability only because of his association with his wife, who allegedly owned the pistol. However, ownership of a pistol is not a requirement to the violation of this statute; rather, constructive possession of a pistol and a prior conviction for a crime of violence will support a conviction.
Furthermore, the Commentary to § 13A-11-72 of the Code ofAlabama (1975) clearly establishes the statute's constitutionality:
 "Unquestionably the legislature had full authority to deal with the subject here involved. It is uniformly recognized that the constitutional guarantee of the right of a citizen to bear arms, in defense of himself and the state, Const. 1901, art. I, § 26, is subject to reasonable regulation by the state under its police power. Jackson v. State, 37 Ala. App. 335, 68 So.2d 850, cert. denied, 260 Ala. 698, 68 So.2d 853 [1953].
 "The provisions of this section, prohibiting a person who has been convicted of a crime of violence from owning or possessing a pistol, evinces a clear intention on the part of the legislature to protect the citizens of this state from the actions of that class of persons, who by their past acts have shown themselves unsuitable and unfit to own and possess pistols. The classification is warranted, and the provision clearly a reasonable exercise of police power. Mason v. State, 39 Ala. App. 1, 103 So.2d 337
(1956), aff'd, 267 Ala. 507, 103 So.2d 341 (1958), cert. denied, 358 U.S. 934, 79 S.Ct. 323, 3 L.Ed.2d 306 (1959)." See also Bristow v. State, 418 So.2d 927 (Ala.Cr.App. 1982).
Thus, neither is the statute unconstitutional nor was it unconstitutionally applied.
 III
The appellant contends that the Habitual Felony Offender Act "does not apply, and cannot be applied, in the imposition of punishment for violation of Title 13A-11-72(a)." He bases this claim on this allegation that a violation of § 13A-11-72(a) cannot be considered to be a class C felony. This court has previously addressed this issue in Nunnery v. State,410 So.2d 444 (Ala.Cr.App. 1981), wherein this court stated that, although "there is no express classification of the crime of possession of a pistol after a conviction of a crime of violence, . . . it is unquestionably a felony by reason of its punishability of imprisonment for more than one year." Id. at 448. The court ultimately classified this offense as a class C felony and, thus, it is subject to the Habitual Felony Offender Act.
 IV
The appellant alleges that the State failed to produce a video tape containing exculpatory evidence or to even disclose the existence of the video tape, in violation of his right to due process, Rule 18.1 of the Alabama Temporary Rules of Criminal Procedure, and the Brady Rule.
 "The evidence suppressed must have been material, probative, vital and exculpatory to the accused. A new trial is required only if the evidence undisclosed could, in any reasonable likelihood, have affected the judgment of the jury. In United States v. Agurs, [427 U.S. 97, 96 S.Ct. 2392, 40 L.Ed.2d 342 (1976)], the United States Supreme Court stated that the correct rule is that a constitutional error has occurred if the omitted evidence creates a reasonable doubt that did not otherwise exist and that the omission must be evaluated in the context of the entire record." (Footnotes omitted.)
C. Gamble, McElroy's Alabama Evidence, § 290.05(2) (3d ed. 1977).
 " 'If there is no reasonable doubt about guilt whether or not the additional evidence is considered, there is no justification for a new trial. On the other hand, if the verdict is already of questionable validity, additional evidence of relatively minor importance might be sufficient to create a reasonable doubt.' "
Knight v. State, 478 So.2d 332, 336 (Ala.Cr.App. 1985), quoting Agurs, supra, 427 U.S. at 112-13, 96 S.Ct. at 2401-02.
 " '. . . The reviewing court should assess the possibility that such effect might have occurred in light of the totality of the circumstances and with an awareness of the difficulty of reconstructing in a *Page 628 
post-trial proceeding the course that the defense and the trial would have taken had the defense not been misled by the prosecutor's uncomplete response.' "
Knight v. State, supra, at 336, quoting United States v.Bagley, 473 U.S. 667, 105 S.Ct. 3375, 3380, 87 L.Ed.2d 481
(1985). See also Martin v. State, 482 So.2d 1272 (Ala.Cr.App. 1985). Thus, under the Agurs test, the petitioner must demonstrate that he was prejudiced by the prosecution's failure to disclose. Ex parte Duncan, 456 So.2d 362, 364 (Ala. 1984). Further, to establish a Brady violation, the appellant must prove:
 " '(1) The prosecution's suppression of evidence; (2) the favorable character of the suppressed evidence for the defense; (3) the materiality of the suppressed evidence.' " Geeslin v. State, 505 So.2d 1242 (Ala.Cr.App. 1986).
The element which is at issue in the case at hand is the favorable character of the evidence. Thus, where it is clearly demonstrated that the evidence was exculpatory, the defendant did not receive a fair trial and his rights were clearly violated. Simpson v. State, 465 So.2d 472 (Ala.Cr.App. 1984),cert. denied, 465 So.2d 474 (Ala. 1985). Moreover, in an earlier case of this court's, where the record did not indicate what the undisclosed evidence would have shown, and the evidence could have been highly exculpatory, the case was remanded to the trial court to determine whether the evidence was of such a nature that its suppression by the prosecution caused the appellant to be prejudiced. Jones v. State, [Ms. 5 Div. 67, May 13, 1986] (Ala.Cr.App. 1986). However, in a case where conflicting evidence was presented, this court determined that "[a]ny conflict in the evidence was for the trial court to resolve, and his ruling will not be disturbed absent a showing of abuse of discretion." Geeslin v. State, supra. Furthermore, it has been held where there was testimony that the undisclosed evidence did not appear to be exculpatory, it did not prejudice the appellant, despite his allegations that it might have benefited his case. Coleman v. State, 487 So.2d 1380, 1390
(Ala.Cr.App. 1986). In the present case, two witnesses testified that they had seen the video tape and that what it did capture of the arrest scene was unclear and contained nothing that might benefit the appellant's case. All that it showed was the police officers' approach, and then "parking lot rocks." Where the "suppressed" evidence is not favorable to the appellant, it need not be disclosed. Ex parte Kennedy,472 So.2d 1106, 1111 (Ala. 1985), cert. denied, 474 U.S. 975,106 S.Ct. 340, 88 L.Ed.2d 325 (1985).
AFFIRMED.
All the Judges concur.