KENNEDY, Justice
(concurring in the result).
I agree that the judgment must be reversed and the case remanded. However, I disagree with the obiter dictum that is “Issue II” of the majority opinion. Ordinarily, I do not write to address dictum. However, I write specially because of the strong implications of this dictum.
Specifically, I respectfully disagree with the suppositions stated in the majority opinion as to the applicability of the Habitual Felony Offender Act, because I believe that to hold the Act applicable to a violation of § 13A-ll-72(a), Ala.Code 1975, would be to deny the intent of the legislature, and, thereby, its authority.
Before discussing the analysis on which I base these conclusions, I think it is helpful to examine the history of § 13A-ll-72(a) and its penalty provision at § 13A-ll-84(a).
The statutory offense now codified at § 13A-ll-72(a) “originated in an act known as the Uniform Firearms Act, approved April 6, 1936, Acts 1936, Extra Session, page 51.” Mason v. State, 267 Ala. 507, 103 So.2d 341 (1958). For decades, the legislature has left intact the offense now codified at § 13A-ll-72(a) and the penalty therefor, now codified at § 13A-ll-84(a). This has caused § 13A-ll-72(a) to be somewhat of an anomaly in the new Criminal Code. See Ex parte Johnson, 620 So.2d 714 (Ala.1993). While other Criminal Code provisions have been modified or repealed by the legislature and felony and misdemeanor offenses have been classified as Class A, B, or C felonies or misdemeanors, with uniform penalties based on which class of offense is in question, the legislature has preserved intact § 13A-ll-72(a) and its penalty provision at § 13A-ll-84(a). This offense and its penalty are stated in the same language in the new Criminal Code as in Ala.Code 1940, Tit. 14, § 174 and § 186:
“§ 174. Certain persons forbidden to possess pistol. — (a) No person who has been convicted in this state or elsewhere of committing or attempting to commit a crime of violence shall own a pistol or have one in his possession or under his control.”
*726 “§ 186. Penalties. — (a) Every violation of subsection (a) of section 174 or of sections 183 [now codified at § 13A-11-81] or 184 [now codified at § 13A-11-82] of this title [now, title 13A] shall be punishable by imprisonment for not more than five years.”
Just as over time § 13A-ll-72(a) has come to contrast with other Criminal Code provisions, so too has the punishment for a violation of § 13A-ll-72(a) come to be unlike that of most other penalty provisions in Title 13A. See Ala.Code 1975, § 13A-5-3, -6, -7, and -9; § 13A-ll-84(a).
Several factors emphasize the legislature’s special treatment of § 13A-ll-72(a), for purposes of punishment: 1) while creating, in most other instances, a uniform sentencing structure, the legislature has left intact a separate and distinct penalty for a violation of § 13A-ll-72(a) (found at § 13A-ll-84(a)) and has done so while it has repealed other offense provisions with the same anomalous punishment as the penalty for a violation of § 13A-ll-72(a), see § 13A-11-81, § 13A-ll-84(a); 2) the legislature has evidenced an awareness that unclassified offenses exist, and has created a “catch-all” provision to impute a classification, e.g., A, B, or C, for purposes of uniform sentencing ranges that is inapplicable to the offense stated at § 13A-11-72(a), see § 13A-5-4; and 3) the legislature has approved a significantly lighter punishment for this offense than is mandated for even the lowest classified felony, i.e., a Class C felony, see § 13A-ll-84(a) (establishing a punishment for a violation of § 13A-ll-72(a) of up to five years’ imprisonment ); § 13A-5-6(a)(3) (establishing the penalty for a Class C felony as imprisonment of a year and a day to 10 years).
In short, the penalty provision relating to a violation of § 13A-ll-72(a), found outside Title 13A, article 5 (which contains the Habitual Felony Offender Act and the Criminal Code’s uniform sentencing provisions), is unusual in many respects.
A question arises as to how the legislature has provided for anomalous sentencing provisions, in light of the Habitual Felony Offender Act and the uniform sentencing provisions found in Title 13A, article 5.
The answer to that question is expressed by the legislature in the very first provision in Title 13A, article 5. Pursuant to § 13A-5-l(a), every person convicted of any offense “shall be sentenced by the court in accordance with this article [article 5], unless otherwise specifically provided by law.” (Emphasis added.) Thus, plainly and simply, where the legislature has “otherwise” maintained or created a sentencing provision, article 5 of Title ISA does not apply to dictate sentencing. Stated differently, affording the express language in § 13A-5-l(a) — that sentencing will be “in accordance with this article [article 5], unless otherwise specifically provided by law” — its fair import, it is evident that article 5 of Title 13A does not apply to dictate sentencing where sentencing provisions are “otherwise specifically provided by law.”
Here, the sentencing for a violation of § 13A-ll-72(a) is clearly and unquestionably “otherwise specifically provided by law”; in fact, the curious sentencing “hybrid” of zero-to-five years for a violation of § 13A-ll-72(a) is found very “specifically” at § 13A-ll-84(a).[3] As § 13A-5-l(a) provides, article 5 provisions, including the Habitual Felony Offender Act, do not apply to dictate sentencing for a violation of § 13A-ll-72(a). Irrespective of the Court’s view of the wisdom of a sentencing provision that is unlike the provisions in article 5, in light of the trend toward uniform sentencing provisions, or the Court’s view of the relative severity of the sentencing range stated in a nonconforming provision, the Court must advance the legislature’s intent with respect to § 13A-5-l(a) and § 13A-ll-84(a). To reach the result that the Habitual Felony Offender Act applies to a violation of § 13A-ll-72(a) requires one to emasculate the exclusionary language of § 13A-5-l(a) and to dismiss the separate penalty provision at § 13A- *727 ll-84(a). Because the Habitual Felony Offender Act only enhances the punishment of a classified felony, to make it apply to a violation of § 13A-ll-72(a), one is also required to impute a felony status to a violation of § 13A-ll-72(a), where no such express designation exists, while, further, imputing a particular classification to this “felony” although the legislature has stated at § 13A-5-4(a) that all “particular classifications” are “expressly designated” {by the legislature) in the article or chapter defining the Title 13A offense. In short, it would be an exceedingly strained analysis which yields the result that the Habitual Felony Offender Act applies to a violation of § 13A-ll-72(a).
Finally, I note that the majority opinion states that the proper manner of examining the statutes in issue (the Habitual Felony Offender Act, the offense provision at § 13A-ll-72(a), and the penalty provision at § 13A-ll-84(a)) is to construe the statutes in pari materia.
Statutes are read together, i.e., in pari materia, where the statutes are “covering the same or similar subject matter.” Ex parte Johnson, 474 So.2d 715 (Ala.1985). Such a construction is wholly inappropriate in this context, because the critical question is whether one of these statutes applies at all! Necessarily, one does not read statutes together where the issue is whether one of those statutes is excepted from the coverage of the other(s), i.e., where one of the statutes is not meant not to cover “the same subject.”

. Section 13A-ll-84(a) provides, inter alia: "Every violation of subsection (a) of section 13A-11-72 ... shall be punishable by imprisonment for not more than five years.” (Emphasis added.)