In State ex rel. Sokira v. Burr, 580 So.2d 1340, 1344-45 (Ala. 1991), the Alabama Supreme Court reaffirmed its holding in Hogan v. Hartwell,242 Ala. 646, 7 So.2d 889 (1942), overruled, Mason v. State, 267 Ala. 507,103 So.2d 341 (1958), and specifically adopted the opinion of Justice Field in Ex parte Garland, 71 U.S. (4 Wall.) 333, 380-81 (1866):
 "`A pardon reaches both the punishment prescribed for the offense and the guilt of the offender; and when the pardon is full, it releases the punishment and blots out of existence the guilt, so that in the eye of the law the offender is as innocent as if he had never committed the offense. . . . [I]t removes the penalties and disabilities, and restores him to all his civil rights; it makes him, as it were, a new man, and gives him a new credit and capacity.
 "`There is only this limitation to its operation; it does not restore offices forfeited, or property or interests vested in others in consequence of the conviction and judgment.'"
(Emphasis added.)
This Court's decision in Johnson v. State, 421 So.2d 1306
(Ala.Crim.App. 1982), on which the majority relies, was based solely on the rationale of Mason. In Johnson, this court, quoting Mason, noted:
 "`"The other view, holding that the pardoned offense cannot be considered, is based upon the literal application of the theory that the pardon `blots out guilt,' and `wipes out the offense,' which is then regarded as never having been committed. See Edwards v. Commonwealth, 78 Va. 39, 49 Am.Rep. 377; State v. Martin, 59 Ohio St. 212, 52 N.E. 188, 43 L.R.A. 94, 69 Am.St.Rep. 762; Tucker v. State, 14 Okla. Cr. 54, 167 P. 637; State v. Lee, 171 La. 733, 132 So. 219; Scrivnor v. State, 113 Tex.Crim. R., 20 S.W.2d 416."'"
As I read Sokira, the Alabama Supreme Court, interpreting this state's clemency power, expressly overruled a previous decision of that Court that had referred to and apparently supported the Willistonian view[4]
of a full pardon and readopted the Garland view of a full pardon (that the pardon obliterates both the conviction and the guilt). See Ashley M. Steiner, Remission of Guilt or Removal of Punishment? The Effect of aPresidential Pardon, 46 Emory L. J. 959 (1997), discussing the various *Page 175 
views that have been taken as to the effect of a pardon, including the view taken by Professor Samuel Williston in Does a Pardon Blot OutGuilt?, 28 Harv. L.Rev. 647, 649 (1915). "The other view" referred to inMason, and acknowledged in Johnson, was clearly adopted by the Sokira
Court. Although, as the Emory Law Journal article notes, the Garland view of a full pardon is not without its detractors, this Court does not have the benefit of writing on a clean slate; this Court is bound by decisions of the Alabama Supreme Court. Sokira is, in my view, controlling here. The foundation on which the majority bases its decision is that a full pardon does not "blot out guilt" or "wipe out the offense" for purposes of applying a statute that prescribes certain legal consequences for a person who has previously been convicted of a criminal offense. Until the Alabama Supreme Court changes its view as to the legal effect of a full pardon, and overrules or modifies Sokira, I cannot agree that the full pardon of a previous conviction is immaterial for purposes of enhancing a sentence under the Habitual Felony Offender Act. This court's decision today, it seems to me, implicates Alabama's separation-of-powers doctrine, Ala. Const. §§ 42 and 43, by doing exactly what the Sokira
Court chided the Mason Court for doing — "[retaining] the power to decide which unconditional pardons actually restored civil and political rights and which unconditional pardons did not." 580 So.2d at 1343-44; see also 580 So.2d at 1345-46 (Houston, J., concurring specially).
In its brief in support of its application for rehearing, the State points out that "[t]he record before this court is void of any documentation presented by Casey to validate his claim [that] he received a full and unconditional pardon." It asks us to remand the case for an evidentiary hearing to determine the nature of the pardon. For the foregoing reasons, I would grant the State's application for rehearing; however, I would do so for the limited purpose of remanding this case for an evidentiary hearing and a determination as to whether Casey actually received a full pardon on six of his prior convictions, as he has alleged. See Ala. Const. Amend. No. 38, § 124, which states in part: "No pardon shall relieve from civil and political disabilities unless specifically expressed in the pardon." Therefore, I concur to grant rehearing; however, as to the remainder of the majority opinion, I respectfully dissent.
[4] Samuel Williston, Does a Pardon Blot Out Guilt?, 28 Harv. L.Rev. 647 (1915).