TYSON, Judge.
.Lewis Murry was indicted for robbery in the first degree in violation of § 13A-8-41, Code of Alabama 1975. The jury found the appellant “guilty as charged in the indictment” and the trial judge sentenced him to life imprisonment in the penitentiary.
At approximately 12:30 p.m. on January 14, 1982, a man entered Hardin’s Supermarket in Montgomery and told Michael David Fitzgerald, an employee, that he would blow Fitzgerald’s head off with a *775 gun if Fitzgerald did not fill his sack with money. Fitzgerald began giving the man money out of the cash register and the man reached over and grabbed some $5.00 bills. This action triggered the camera hidden in the store. The man told Fitzgerald to lie on the floor and to stay there for five minutes. As soon as the man left, Fitzgerald called the police.
Fitzgerald viewed two lineups and picked the appellant out of the second lineup. He also identified the man in the photograph which was developed from the hidden camera as the man who robbed him and positively identified the appellant as the robber during the trial.
I
The appellant objects to the admission into evidence of the photograph of the appellant which was taken by the hidden camera.
A photograph is properly admitted into evidence if it tends to prove or disprove some disputed matter, illustrates or elucidates some relevant fact or corroborates or disproves some other issue offered or to be offered. McElroy’s Alabama Evidence, § 123.03(1) (3d ed. 1977); Myers v. State, 431 So.2d 1342 (Ala.Crim.App.), cert. quashed, 431 So.2d 1346 (Ala.1982); Carpenter v. State, 400 So.2d 417 (Ala.Crim.App.), writ, den., 400 So.2d 427 (Ala.1981). However, a photograph is not self-proving, and before it may be admitted into evidence, it must be properly authenticated. It is not necessary that the photographer authenticate the photograph. Certainly this is true because in cases such as the one at bar, there is no actual photographer. A photograph may be verified by any person who is familiar with the subject matter of the photograph and can testify that the photograph correctly depicts the scene at the relevant time period. McElroys, supra, at § 123.03(1), § 123.03(3); Whittington v. State, 432 So.2d 25 (Ala.Crim.App.1983); Donner v. State, 409 So.2d 461 (Ala.Crim.App.1981).
George Wyatt Gantt, the Montgomery Police Officer who is in charge of the crime eye cameras, testified that the hidden camera in Hardin’s Supermarket is activated by a transmitter attached to a money clip, which is kept in the cash register. Fitzgerald testified that the camera was activated when the appellant grabbed the $5.00 bills from the cash register. Soon after the robbery occurred, Gantt took the film out of the camera and developed the film. Fitzgerald had described the clothing which the subject of the photograph wore, and he identified the subject of the photograph, the appellant, as the man who robbed him on the night in question.
The testimony of Gantt and Fitzgerald was sufficient verification of the subject matter which the photograph depicted. The photograph showed that the appellant was in the store at the counter when the camera was activated. The photograph certainly tended to prove that the appellant was the person who robbed Fitzgerald the night in question. Therefore, we hold the photograph was properly admitted into evidence.
II
During the trial of this case, Officer A.F. Blankenship, an investigator with the robbery-homicide division of the Montgomery Police Department, testified that, after he received the photograph developed from the crime eye camera at Hardin’s Supermarket, he showed this picture to three inmates in the Montgomery City Jail. Over the objection of defense counsel, Blankenship testified that these three persons told him that the picture was of a person named Lewis who lived on Mill Street in Montgomery. The appellant contends Blankenship's testimony should have been excluded by the trial judge as inadmissible hearsay.
We do not agree with the appellant’s contention. Blankenship’s testimony was not admitted to prove that the appellant was the person who committed the robbery. The purpose of his testimony was to identify the person depicted in the photograph. These inmates gave Blankenship a lead as to the person’s identity. The *776 appellant, Lewis Murry, was arrested on Mill Street.
Therefore, Blankenship’s testimony was properly admitted as an exception to the hearsay rule. McElroys, supra at § 273.02; Carroll v. State, 405 So.2d 163 (Ala.Crim.App.1981).
For the reasons stated above, this cause is due to be and is hereby affirmed.
AFFIRMED.
All the Judges concur.