**UNITED STATES of America,
Plaintiff–Appellant,**

v.

**David SWANSON, Defendant–Appellee.**

**No. 91–7056
Non–Argument Calendar.**

United States Court of Appeals,
Eleventh Circuit.

Nov. 22, 1991.

Frank W. Donaldson, U.S. Atty. and John C. Earnest, Jr., Asst. U.S. Atty., Birmingham, Ala., for plaintiff-appellant.

Lawrence B. Sheffield, Jr. and John A. Lentine, Sheffield, Sheffield, Sheffield & Lentine, Birmingham, Ala., for defendant-appellee.

Before TJOFLAT, Chief Judge, ANDERSON, Circuit Judge, and CLARK, Senior Circuit Judge.

CLARK, Senior Circuit Judge:

The district court dismissed the indictment against appellant Swanson pursuant to 18 U.S.C. § 922(g)(1) and 18 U.S.C. § 921(a)(20). We affirm.

## I.  FACTS

Appellant was charged in a three-count indictment with violation of 18 U.S.C. § 922(g)(1), which provides that it shall be unlawful for any person "who has been convicted in any court of a crime punishable by imprisonment for a term exceeding one year ... to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce." The

charges were predicated exclusively on a manslaughter in the first degree conviction in Jefferson County, Alabama on January 6, 1970. The manslaughter conviction was a crime punishable by imprisonment for a term exceeding one year.

18 U.S.C. § 921(a)(20), however, limits section 922(g)'s application to crimes punishable by terms exceeding one year. In defining "a crime punishable by imprisonment for a term exceeding one year," section 921(a)(20) provides:

> What constitutes a conviction of such a crime shall be determined in accordance with the law of the jurisdiction in which the proceedings were held. Any conviction which has been expunged, or set aside or *for which a person has been pardoned or has had civil rights restored* shall not be considered a conviction for purposes of this chapter, unless such pardon, expungement, or restoration of civil rights *expressly provides that the person may not ship, transport, possess, or receive firearms.*[1]

On January 29, 1979, appellant Swanson received a "Certificate Granting Restoration of Civil and Political Rights" from the State Board of Pardons and Paroles of Alabama (hereinafter "the Board") in connection with a petit larceny conviction in Jefferson County on November 15, 1974. The certificate acknowledged that the defendant's conduct merited his restoration of civil and political rights and expressly ordered

> that the loss of all civil and political rights resulting from the above stated conviction and *any prior disqualifying convictions* be and they are hereby restored.

Consistent with this language, then, "the loss of all civil rights resulting from"

Swanson's "prior disqualifying conviction" of January 6, 1970, *i.e.,* the manslaughter conviction which is the exclusive predicate for the section 922(g) charges in the instant indictment, were restored by the Board's certificate. The certificate contains no express restriction or limitation on appellant's firearms privileges. And, while the government contends that it is the policy of the Board to inform each individual, at the outset of his probation, that he may not possess firearms, it acknowledges that there is no evidence that Swanson, in fact, had notice of such restriction or notice that after restoration of his civil rights, such restriction still applied.[2]

Appellee, in his "Motion to Dismiss Indictment," argued that without an express provision in the restoration certificate restricting his firearms privileges, as required by section 921(a)(20), the conviction which became the basis of his indictment is not a "crime punishable by imprisonment for a term exceeding one year," nor is it a "conviction" pursuant to section 922(g)(1). On this basis, appellee asserted, the indictment should be dismissed. The magistrate and the district court agreed, 753 F.Supp. 338, albeit reluctantly, and this appeal followed.

## II. DISCUSSION

On these facts 18 U.S.C. § 922(g)'s prohibition on possession of firearms applies only to an individual who has been convicted "of a crime punishable by imprisonment for a term exceeding one year." Under the express language of 18 U.S.C. § 921(a)(20), "any conviction which has been expunged, or set aside or *for which a person has been pardoned or has had civil rights restored* shall not be considered a convic-

---

1. 18 U.S.C. § 921(a)(20) (emphasis added).

2. The government, in its brief, explains:
   The state of the records of the Board is such that the original orders of probation which Swanson would have received when entering the periods of probation are not available. *Nor is there available any record or personal recollection of any individual who acted as probation officer for Swanson demonstrating that Swanson was literally and explicitly informed of the prohibition against carrying fire-*

arms *while on probation, the continued prohibition against his possession of pistols after restoration of civil and political rights, or the fact that the state restoration of civil and political rights did not relieve him of disability under federal firearms law.*
Brief for Appellant, at 9 (emphasis added). Moreover, even if Swanson arguably had "notice," the certificate of restoration did not *expressly* provide notice of the firearms limitation.

tion" punishable by imprisonment for a term exceeding one year unless such "restoration of civil rights *expressly provides that the person may not ship, transport, possess, or receive firearms.*" It is undisputed that Swanson's restoration certificate restored, without any express limitation, "all civil and political rights." It also is undisputed that the restoration of "all political and civil rights" applied to the January 6, 1970 conviction, as a "prior disqualifying conviction," which is the basis for Swanson's indictment under section 922(g). From this, it follows that if a conviction for which political and civil rights have been restored is not a conviction for purposes of section 922(g), then Swanson's January 6, 1970 conviction cannot be the basis for indictment under section 922(g) for possession of a firearm. The indictment should be dismissed.

This holding is consistent with this court's opinion in *United States v. Kolter.*[3] *Kolter* involved a defendant who, in 1973, was convicted of burglary and sentenced under the Georgia Youthful Offender Act. In 1976, the State Board of Pardons and Paroles restored, without express restriction, "all the civil and political rights Kolter had lost as a result of the burglary offense."[4] In 1976, Kolter was indicted under the predecessor statute to section 922(g)'s firearm possession prohibition, 18 U.S.C.App. § 1202(a)(1), for possession of a firearm by a convicted felon.[5] The underlying felony conviction on which the indictment was predicated was the 1973 Georgia burglary conviction for which Kolter's civil rights had been restored. Kolter moved to dismiss his indictment, arguing that effective November 15, 1986, "Congress had

redefined 'convicted felon' and that the restoration of his civil rights removed him from the class of persons who could be prosecuted under the federal firearms law."[6] The district court denied the motion, and Kolter was convicted on November 20, 1986.

After determining that section 921(a)(20), in its present version, applied to Kolter's case as one pending on November 15, 1986, the effective date of the legislation inserting the language of subsection (a)(20), we addressed the substantive merits of Kolter's challenge to his conviction under section 1202(a)(1). "[[U]nder § 921(a)(20), Kolter would not be a 'convicted felon' as the restoration of civil rights was not qualified by a firearms restriction."[7] On this basis, the court reversed Kolter's conviction for possession of a firearm by a convicted felon.

The thrust of the government's argument, in seeking to distinguish *Kolter* and to avoid the express terms of section 921(a)(20), is that the Alabama State Board of Pardons and Paroles, acting pursuant to the authority granted it by the Alabama legislature, restored to Swanson only those "civil and political rights" *which it was empowered to restore.*[8] Thus, the restoration was full and without reservation *insofar as* the Board had authority: to restore the right to vote, to sit on a jury, and to hold elective office. The Board could not, the government argues, restore the right to possess a pistol, for purposes of state law, or a firearm, for purposes of federal law. Moreover, appellant argues, the restoration of federal firearms rights to violent felons would directly contradict Congress's purposes in enacting section

---

3. 849 F.2d 541 (11th Cir.1988).

4. *Id.* at 542–43.

5. As the *Kolter* court explained, "effective November 15, 1986, [Congress] repealed section 1202(a), the statute under which Kolter was convicted, and amended section 922(g) to include the section 1202(a) possession offense." *Id.* at 543 (citing 18 U.S.C. § 921 note (Supp. 1987)).

6. *Id.* at 543.

7. *Id.* at 543.

8. The powers, responsibilities, and limitations on the State Board of Pardons and Paroles are set forth in Ala.Code §§ 15–22–20 *et seq.* (1975). Those sections empower the Board to pardon or restore the civil and political rights of persons who have previously been convicted of disqualifying crimes. Section 15–22–40 provides that any restoration of civil and political rights "granted, ordered or made contrary to the provisions of this article shall be null and void and have no force or effect."

921(a)(20) and the Gun Control Act, which is to prohibit receipt, possession, transportation, and shipment of firearms by felons and other classes of particularly dangerous individuals.

In support of its argument that the Board did not have authority under Alabama law to restore to Swanson his right to possess firearms, the government argues:

An examination of relevant State of Alabama law regarding disabilities of restoration shows that the state never intended to erase Swanson's violent felony convictions. Section 13A–11–72(a) Code of Alabama 1975, provides as follows:

"No person who has been convicted in this state or elsewhere of committing or attempting to commit a crime of violence shall own a pistol or have one in his possession or under his control."

Section 13A–11–70(2) defines manslaughter and assault with intent to murder as "crimes of violence." There are no exceptions to this prohibition and neither an unlimited restoration of political and civil rights nor a full pardon affects this disability.[9]

In 1958, the Alabama Supreme Court, in *Mason v. State*,[10] apparently agreed with the government's assertion. In considering the effect of a pardon of a second degree murder conviction, the Alabama Court of Appeals held that the state prohibition against possession of a pistol is in no way vitiated by a pardon. "A pardon cannot wipe out the historical fact of the conviction.... and it involves forgiveness, and not forgetfulness."[11] In examining the predecessor statute to section 13A–11–72, the court stated that the prohibition "evinces a clear intention on the part of the legislature to protect the citizens of this state from the actions of that class of persons, who by their past acts, have shown themselves unsuitable and unfit to own and possess pistols."[12] The Alabama Supreme Court affirmed.[13]

On May 17, 1991, after briefs were filed in this case, the Alabama Supreme Court expressly rejected its decision in *Mason*.[14] In *Alabama ex rel. Sokira v. Burr*, the question presented was whether Burr, who had been convicted and sentenced to one year and one day in the state penitentiary, and who had subsequently been pardoned with an express restoration of his civil and political rights, was disqualified from holding the office of mayor. The certificate of pardon issued by the Board specifically stated: "Ordered that all disabilities resulting from the above stated conviction be and they are hereby removed and the civil and political rights of the above named are restored." In challenging Burr's election as mayor, the petitioner alleged that Burr's holding public office violated Alabama law, which provided:

(a) The following persons shall be ineligible to and disqualified from holding office under the authority of this state:

(3) Those who shall have been convicted of treason, embezzlement of public funds, malfeasance in office, larceny, bribery or *any other crime punishable by imprisonment in the state or federal penitentiary* and those who are idiots or insane.[15]

In summarizing the issue presented, the Alabama court reasoned in *Sokira:*

While these laws specifically address the effect of a felony conviction on a person's qualification to hold public office, they do not address how a pardon that expressly restores to an individual his 'civil and political rights' affects that individual's ability to hold public office. Thus, the ultimate issue becomes wheth-

---

**9.** Brief for Appellant, at 27.

**10.** 39 Ala.App. 1, 103 So.2d 337 (1956), *aff'd* 267 Ala. 507, 103 So.2d 341 (1958), *cert. denied*, 358 U.S. 934, 79 S.Ct. 323, 3 L.Ed.2d 306 (1959).

**11.** *Mason v. State*, 103 So.2d at 341.

**12.** *Id.* at 341.

**13.** *Mason v. State*, 267 Ala. 507, 103 So.2d 341 (1958).

**14.** *Alabama ex rel. Sokira v. Burr*, —— Ala. ——, ——, 580 So.2d 1340, 1341 (1991) ("We now hold that the decision in *Mason* is erroneous.").

**15.** Ala.Code § 36–2–1(a)(3) (emphasis added).

er the State's pardon of Burr, expressly restoring his political rights, allows him to hold the office of mayor.[16]

The question, in the instant case, parallels that in *Sokira*. While Alabama law expressly addresses the effect of a felony conviction on an individual's right to possess firearms, it does not address how an express restoration of "civil and political" rights affects that individual's ability to possess firearms.[17]

After thoroughly reviewing Alabama case law on the effect of pardons expressly restoring civil and political rights, the *Sokira* court readopted its decision in *Hogan v. Hartwell*,[18] previously overruled by *Mason v. State*, and held that

> the better reasoned decision is this Court's previously cited case of *Hogan v. Hartwell*, and we adopt the opinion of United States Supreme Court Justice Field, in *Ex parte Garland*, where he stressed that a pardon, expressly restoring to an individual his civil and political rights, removes the disabilities that accompany a conviction. Justice Field wrote that the effect of the pardon is "to relieve the petitioner from all penalties and disabilities attached to the offense" and said that "to exclude him, by reason of that offense, from continuing in the enjoyment of a previously acquired right, is to enforce a punishment for that offense notwithstanding the pardon." *Ex parte Garland*, 4 Wall. (71 U.S.) [333] at 381 [18 L.Ed. 366 (1866)].

By readopting this Court's decision in *Hogan*, we recognize that a pardon that restores to an individual all civil rights and political privileges necessarily nullifies all legal punishment for the offense. In other words, if the conviction incorporates certain civil and political disqualifications, then a pardon that specifically revives all civil and political rights must certainly remove any and all legal incapacities. *See* Ala. Const. (1901), § 124, amend. No. 38.[19]

Under Alabama law, then, the Board's restoration to Swanson, without express limitation, of "all civil and political rights" means exactly what it says: It nullifies "any and all legal incapacities," [20] including the right to possess firearms. Contrary to appellant's contention, it is not the case that by excepting Swanson from the class of felons under section 922(g), we relieve from federal firearms disabilities one who, for purposes of interpreting the federal firearms statute, remains under state firearms disabilities because of his conviction for manslaughter or larceny. Following return of "all civil and political" rights under *state* law, and absent express provision that he may not "ship, transport, possess, or receive firearms," Swanson is under no *state* firearm disability. Federal and state law are consistent.[21]

Nor do we accept appellant's argument that such a result is contrary to congressional intent. Section 921(a)(20)'s exception (from federal firearms prosecution of convicted felons) for convictions for which civil rights have been restored was enacted by Congress in a May 19, 1986 amendment to the federal firearms laws. It is, perhaps, some evidence of congressional intent that the act providing the exception is entitled the Firearms Owners' Protection Act.

---

**16.** 580 So.2d 1340, 1341.

**17.** Although Burr was "pardoned," the relevant question for purposes of our decision is whether the pardon restored particular "civil and political rights." Thus, the two cases are indistinguishable on that basis. Also, section 921(a)(20) excepts any conviction "for which a person has been pardoned or has had civil rights restored."

**18.** 242 Ala. 646, 7 So.2d 889 (1942). In *Hogan*, the Alabama Supreme Court held that an individual who had been convicted of a felony and who had been restored "all Alabama Civil and Political Rights" was eligible to hold the office of city commissioner, notwithstanding the constitutional prohibition against a convicted felon holding state office.

**19.** *Sokira*, 580 So.2d 1340, 1345.

**20.** *Id.* at 1345.

**21.** In holding that the indictment should be dismissed, we recognize that other circuits have held otherwise in similar cases. *See United States v. Swanson*, 753 F.Supp. 338 (N.D.Ala. 1990). However, on the basis of our reading of Alabama law, and given the Alabama Supreme Court's decision in *Sokira*, we find these cases to be distinguishable.

More to the point, however, in enacting section 922(a), Congress obviously was concerned with the possibility that, contrary to the state's intent in restoring civil rights, previously convicted felons would be permitted to possess firearms. To avoid this result, section 921(a)(20) provides that although any conviction for which a person "has had civil rights restored shall not be considered a conviction for purposes of this chapter," such exception does *not* apply if the restoration of civil rights "expressly provides that the person may not ship, transport, possess, or receive firearms." In this case, a previously convicted felon cannot be indicted under section 922(g)(1) for possessing a firearm, not because the district court or this court ignored congressional intent or the intent of the Alabama legislature and the Board, but because the state restored to him all civil rights, and the certificate restoring civil rights was not expressly limited in the manner contemplated and provided by Congress.

## III. CONCLUSION

For the reasons stated above, we AFFIRM the district court's decision dismissing the indictment.