Clarence Earl JAMES, Petitioner–Appellant,

v.

UNITED STATES of America, Respondent–Appellee.

No. 93–4186

Non–Argument Calendar.

United States Court of Appeals, Eleventh Circuit.

Jan. 13, 1994.

Roberto Martinez, U.S. Atty., Linda Collins Hertz, Jeanne M. Mullenhoff, Asst. U.S. Attys., Miami, FL, for respondent-appellee.

Before HATCHETT, EDMONDSON and CARNES, Circuit Judges.

PER CURIAM:

Clarence Earl James was convicted after a jury trial of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). The court subsequently sentenced him to a term of twenty years pursuant to the enhancement sentencing provision of 18 U.S.C. § 924(e). His conviction was affirmed on direct appeal. Thereafter, he filed a *pro se* motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, claiming ineffective assistance of counsel. The district court denied that motion.

James subsequently filed a second § 2255 motion. In it, he contended that his conviction and sentence for possession of a firearm by a convicted felon were invalid because Florida had restored his civil rights. The district court denied James' motion on the merits, and this appeal involves that denial.

On appeal, James argues two grounds for relief. First, he claims his conviction under 18 U.S.C. § 922(g)(1), possession of a firearm by a convicted felon, is barred pursuant to 18 U.S.C. § 921(a)(20), which voids felon status for those individuals who receive a restoration of civil rights that does not preclude gun possession. James claims that because his certificate of restoration does not contain the

precise language regarding guns that is in § 921(a)(20), he is entitled to the nullification of felon status provided by that section. Second, he argues that the sentencing enhancement under § 924(e) is barred. He contends that because a restoration voids his past crimes, it thereby eliminates their consideration in determining whether he is a career criminal.

The government responds that the specific language regarding guns in § 921(a)(20) need not be included in a certificate of restoration to bar nullification of felon status. It argues the felon need only be put on notice that he cannot own or possess a firearm. Accordingly, because James' certificate of restoration explicitly bars gun possession, he was properly convicted and sentenced for his possession of a gun.

The determination of whether § 921(a)(20) should have barred appellant's conviction under § 922(g)(1) or his sentencing under § 924(e) is a question of statutory interpretation, a question of law subject to *de novo* review. *United States v. Hooshmand,* 931 F.2d 725, 737 (11th Cir.1991).

### The Issue Involving the Conviction

Pursuant to 18 U.S.C. § 922(g)(1), "it shall be unlawful for any person ... who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year ... to ship or transport ... or possess ... any firearm or ammunition; or to receive any firearm or ammunition." However, according to 18 U.S.C. § 921(a)(20), the crimes which can be considered do not include "[a]ny conviction which has been expunged, or set aside or for which a person has been pardoned or has had civil rights restored ... unless such pardon, expungement, or restoration of civil rights expressly provides that *the person may not ship, transport, possess, or receive firearms.*" (Emphasis added).

James' Certificate of Restoration of Civil Rights expressly grants the restoration of civil rights "except the specific authority to possess or own a firearm." The Certificate does not specifically say that James "may not ship, transport, possess, or receive firearms," as precisely stated in § 921(a)(20). Nonethe-

less, no statutory authority or case law supports the contention that the instrument evidencing the restoration of rights must use the precise language of § 921(a)(20) before it can exempt the defendant from prosecution under § 922(g)(1).

James mainly relies on *United States v. Swanson,* 947 F.2d 914 (11th Cir.1991), to support this appeal. In *Swanson,* however, this Court dismissed the defendant's indictment under § 922(g)(1) *only* because the defendant was in no way informed that this restoration of civil rights excepted gun possession. *Id.* at 918–19. James, on the contrary, was informed of such a restriction. Moreover, case law supports the common-sense conclusion that the limitation on gun possession need not duplicate the precise language set out in § 921(a)(20). *United States v. Gomez,* 911 F.2d 219, 220 (9th Cir.1990) (holding that the whole of a state's law should be considered in determining whether a felon's civil rights have been restored within the meaning of § 921(a)(20)); *see also United States v. Erwin,* 902 F.2d 510, 512 (7th Cir.), *cert. denied,* 498 U.S. 859, 111 S.Ct. 161, 112 L.Ed.2d 127 (1990) (same); *United States v. Cassidy,* 899 F.2d 543, 546 (6th Cir.1990) (same). All of these decisions turn on notice of the restriction, not the language of the restriction. Consequently, James was properly convicted under § 922(g)(1), and the district court properly denied § 2255 relief on that ground.

### The Sentence Enhancement Issue

Pursuant to 18 U.S.C. § 924(e), a defendant convicted under § 922(g)(1) who has three previous convictions, as defined by § 924(e), receives an enhancement of his sentence. As with § 922(g)(1), the convictions referred to in § 924(e) are subject to the definition in § 921(a)(20). James had more than three convictions prior to his conviction under § 922(g)(1), thereby meeting the conviction requirement of § 924(e). Moreover, as discussed above, the § 921(a)(20) nullification of convictions does not apply to James, as his restoration of civil rights excluded the right to possess firearms. Consequently, it

was proper to enhance James' sentence under § 924(e).

AFFIRMED.