[ PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

**FILED**

**U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
12/17/99
THOMAS K. KAHN
CLERK**

_____

No. 99-6105

_____

D.C. Docket No. 98-00038-001

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

BOB GENE FOWLER a.k.a.
Bobby L. Fowler,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Alabama

_____

**(December 17, 1999)**

Before BLACK, Circuit Judge,  GODBOLD and FAY, Senior Circuit Judges.

GODBOLD, Senior Circuit Judge:

Bob Fowler entered into a conditional plea of guilty for violating 18 U.S.C. § 922(g)(1) for being a convicted felon who is knowingly in possession of a firearm. We must decide whether the federal law prohibiting a convicted felon from carrying a firearm applies to a defendant convicted in Alabama state court who successfully petitioned the Alabama Pardon and Parole Board for a complete restoration of all of his civil and political rights when the certificate of restoration contains no limitations on the defendant's right to carry, possess, or purchase firearms. We previously addressed this question in U.S. v. Swanson, 947 F.2d 914 (11th Cir. 1991), and held that the federal prohibition does not apply. After revisiting this issue in light of the Supreme Court's decision in U.S. v. Caron, 524 U.S. 308, 118 S. Ct. 2007 (1998), we find that our holding in Swanson is consistent with Caron and reverse Fowler's conviction.

Fowler was charged in a multiple count indictment that included a count that he violated 18 U.S.C. § 922(g)(1) by knowingly possessing a .25 caliber semiautomatic handgun in 1997 after having been convicted of a felony offense in 1972 for second degree burglary. Fowler moved to dismiss this count of the indictment because he received in 1975 a "certificate granting restoration of civil and political rights" from the Alabama State Board of Pardons and Paroles for the 1972 burglary conviction. After the district court denied his motion to dismiss the §

2

922(g)(1) count, Fowler entered into a conditional guilty plea. The remaining counts against Fowler were dismissed by the government and Fowler filed a timely notice of appeal.

Federal law forbids a person convicted of a serious offense to possess any firearm. 18 U.S.C.§ 922(g)(1). However, 18 U.S.C. § 921(a)(20) expressly states that a conviction for a predicate offense will not be considered if a state exercises its right to restore the civil rights of a person for that offense.

> What constitutes a conviction of such a crime shall be determined in accordance with the law of the jurisdiction in which the proceedings were held. Any conviction which has been expunged, or set aside or for which a person has been pardoned or has had civil rights restored shall not be considered a conviction for purposes of this chapter, unless such pardon, expungement, or restoration of civil rights expressly provides that the person may not ship, transport, possess, or receive firearms.

18 U.S.C. § 921(a)(20). Therefore, a previous conviction is not a predicate substantive offense if the offender has had his civil rights restored, "unless such . . . restoration of civil rights expressly provides that the person may not . . . possess . . . firearms." 18 U.S.C. § 921(a)(20).[1] Aside from the "unless clause" neither the statute nor the legislative history defines what civil and political rights must be restored to a convicted felon in order to satisfy the § 921(a)(20) exemption.[2]

---

[1] **This phrase is the so-called "unless clause" interpreted by the Supreme Court in <u>U.S. v. Caron</u>, 524 U.S. 308, 118 S. Ct. 2007 (1998).**

[2] <u>See</u> **<u>U.S. v. Cassidy</u>, 849 F.2d 543, 549 (6th Cir.1990).**

In <u>U.S. v. Swanson</u>, 947 F.2d 914 (11th Cir. 1991), this court addressed whether the restoration of a felon's civil rights by the Alabama Board of Pardons and Paroles also restored the felon's right to carry a firearm. <u>Swanson</u> held that a manslaughter conviction could not serve as predicate offense for a crime of possessing firearms by convicted felon because the defendant received a "Certificate Granting Restoration of Civil and Political Rights" from the State Board of Pardons and Paroles of Alabama prior to his arrest on § 922(g)(1) charges. <u>Swanson</u> analyzed Alabama Supreme Court decisions interpreting the power of the Board of Pardons and Paroles to restore a convicted felon's right to own and possess firearms and concluded:

> Under Alabama law, then, the Board's restoration to Swanson, without express limitation, of "all civil and political rights" means exactly what it says: It nullifies "any and all legal incapacities," including the right to possess firearms. Contrary to [the government's] contention, it is not the case that by excepting Swanson from the class of felons under section 922(g), we relieve from federal firearms disabilities one who, for purposes of interpreting the federal firearms statute, remains under state firearms disabilities because of his conviction for manslaughter or larceny. Following return of "all civil and political" rights under state law, and absent express provision that he may not "ship, transport, possess, or receive firearms," <u>Swanson is under no state firearm disability. Federal and state law are consistent.</u>
> . . . In this case, a previously convicted felon cannot be indicted under section 922(g)(1) for possessing a firearm, not because the district court or this court ignored congressional intent or the intent of the Alabama legislature and the Board, but because the state restored to him all civil rights, and the certificate restoring civil rights was not expressly limited in the manner contemplated and provided by Congress.

Swanson, 947 F.2d at 918-19 (discussing Alabama ex rel. Sokira v. Burr, 580 So. 2d 1340, 1341 (1991)). This court concluded that without an express provision in the restoration certificate restricting his firearms privileges, as required by section 921(a)(20), the conviction which became the basis of his indictment is not a "crime punishable by imprisonment for a term exceeding one year," nor is it a "conviction" pursuant to section 922(g)(1). Id. at 915. See also U.S. v. Kolter, 849 F.2d 541 (11th Cir.1988) (holding that the defendant could not be convicted of the predecessor statute to § 922(g)(1) based solely on a burglary conviction because the State Board of Pardons and Paroles restored "all the civil and political rights Kolter had lost as a result of the burglary offense").

The government contends that this court's holding in Swanson is in someway abrogated by U.S. v. Caron, 524 U.S. 308, 118 S. Ct. 2007 (1998). In Caron a defendant who received a certificate restoring his civil and political rights from the Commonwealth of Massachusetts was convicted of possessing six shotguns in violation of § 922(g). The Massachusetts law that restored his rights permitted a convicted felon whose civil rights had been restored to possess rifles, but restricted his right to carry handguns. The Supreme Court held that the restriction on the right to carry handguns activated the "unless" clause of the federal statute excluding a previous conviction as a predicate offense if the offender's civil rights had been

5

restored, "unless such . . . restoration of civil rights expressly provide[d] that the person may not . . . possess . . . firearms," even though the case involved rifles and shotguns. 18 U.S.C.A. §§ 921(a)(20), 922(g)(1), 924(e); M.G.L.A. c. 140, §§ 121, 123, 129B, 129C, 131, 131A; c. 269, § 10.

Aside from the "unless clause," the parties in Caron agreed Massachusetts law restored the defendant's civil rights and that state law permitted him to possess rifles and shotguns but forbade him to possess handguns outside his home or business. The Supreme Court concluded:

> Either the restorations forbade possession of "firearms" and the convictions count for all purposes, or they did not and the convictions count not at all. The unless clause looks to the terms of the past restorations alone and does not refer to the weapons at issue in the present case. So if the Massachusetts convictions count for some purposes, they count for all and bar possession of all guns.

Caron, 118 S. Ct. at 2011.

Our holding in Swanson is entirely consistent with Caron. Caron addressed the dilemma created when a state restores some of the offender's rights by permitting possession of one type of firearm but prohibiting possession of another. There is no such restriction on Fowler's certificate restoring his civil and political rights.

Swanson directly addressed the government's contention that § 13A-11-72(a) Code of Alabama 1975 provides the same statutory prohibition on one form of weapon possession as at issue in Caron. Section 13A-11-72(a) provides as follows:

6

"No person who has been convicted in this state or elsewhere of committing or attempting to commit a crime of violence shall own a pistol or have one in his possession or under his control." However, unlike the Massachusetts law at issue in Caron, Alabama law empowers the State Board of Pardons and Paroles to restore the right of a person convicted of a crime of violence to possess a firearm. Without an express limitation on the certificate restoring civil and political rights to Fowler, under Alabama law the restoration of civil and political rights restores the firearm rights limited by § 13A-11-72(a). See Swanson, 947 F.2d 916-17; Alabama ex rel Sokira v. Burr, 580 So.2d 1340, 1345 (Ala. 1991) ( recognizing that the restoration of "all civil rights and political privileges necessarily nullifies all legal punishment for the offense. In other words, if the conviction incorporates certain civil and political disqualifications, then a pardon that specifically revives all civil and political rights must certainly remove any and all legal incapacities.").

Fowler was granted a certificate restoring his civil and political rights without any reservations or prohibitions limiting his right to ship, transport, possess, or receive firearms. In this case he cannot be convicted under § 922(g)(1) for possessing a firearm based on his 1972 second degree burglary conviction because the state restored to him all civil and political rights and the certificate was not expressly limited in the manner contemplated and provided by Congress.

7

We REVERSE Fowler's conviction.