**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

**No. 99-60040**
_____

**LARRY DOHERTY,**

**Plaintiff-Appellant,**

**versus**

**CHEVRON USA, INC.,**

**Defendant-Appellee.**

_____

**Appeal from the United States District Court**
**for the Southern District of Mississippi**
**(1:98-CV-121-RG)**
_____

February 10, 2000

Before BARKSDALE, BENAVIDES, and STEWART, Circuit Judges.

PER CURIAM:[*]

For this Mississippi diversity action, Larry Doherty appeals an adverse summary judgment, which dismissed his negligence action against Chevron USA, Inc., for injuries he sustained, while an employee of Manning Construction Company, an independent contractor, when he was operating a crane owned by Chevron, on its premises. We **AFFIRM**.

I.

Doherty was employed as a crane operator by Manning, which was performing work for Chevron at its refinery in Pascagoula, Mississippi, pursuant to a contract which provided, _inter alia_, that Manning was "an independent contractor, maintaining complete

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

control over [Manning's] personnel and operations".

In August 1996, while operating a crane owned and maintained by Chevron, Doherty was injured when he fell after slipping in hydraulic fluid leaking from the crane. For approximately five years prior to his accident Doherty had complained to Chevron about the leaking fluid, including through "The 'Operator's Daily Checklist'", also signed by his Manning supervisor.

In March 1998, Doherty filed this action against Chevron, claiming that it negligently failed to provide him a safe work place and negligently failed to maintain the crane and correct a dangerous condition. The parties consented to proceed before a magistrate judge.

Chevron moved for summary judgment, contending it was *not* liable because Doherty, an employee of an independent contractor, was allegedly injured while performing work for his employer which arose out of its contract with Chevron, and the allegedly dangerous condition was known to Doherty and his employer prior to the accident. The district court held that, because Chevron did *not* relinquish control to Manning of the maintenance and repair of the crane, Chevron owed a duty to Doherty to repair it; but concluded that, nevertheless, Chevron was entitled to summary judgment because, pre-accident, both Doherty and Manning had knowledge of the leaking fluid prior to the accident.

## II.

We review a summary judgment *de novo*, applying the standard applied by the district court. *E.g.*, ***Forsyth v. Barr***, 19 F.3d

2

1527, 1533 (5th Cir.), *cert. denied*, 513 U.S. 871 (1994).  Such judgment is proper when the summary judgment record, viewed in the light most favorable to the non-movant, establishes that "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law".  FED. R. CIV. P. 56(c); **Forsyth**, 19 F.3d at 1533.

Mississippi law governing the liability of a premises owner to the employee of an independent contractor is addressed in **Hill v. International Paper Co.**, 121 F.3d 168 (5th Cir. 1997).  It holds that, in the light of **Jones v. James Reeves Contractors, Inc.**, 701 So. 2d 774, 782, *reh'g denied*, 703 So. 2d 863 (Miss. 1997), "if an independent contractor has actual or constructive knowledge of a dangerous condition (via warning, contractual provision, etc.), its employees cannot recover against the premises owner for negligence".  **Hill**, 121 F.3d at 176-77.  The district court relied on **Hill** in granting summary judgment for Chevron, because, as noted, it was undisputed that both Doherty and Manning were aware of the leaking fluid.

Doherty contends that **Hill**'s holding is based, in part, on the assumption of risk doctrine, which was "abolished" by the Mississippi Supreme Court in **Donald v. Triple S Well Service, Inc.**, 708 So. 2d 1318, *reh'g denied*, 723 So. 2d 1173 (Miss. 1998), decided approximately seven months after **Hill**; and that, therefore, **Hill** is *not* a valid interpretation of Mississippi law.

**Donald** did *not* alter the conclusion reached in **Hill**.  **Donald** was *not* a premises liability case; pre-trial, the plaintiff had

3

settled with the premises owner. 708 So. 2d at 1319. The plaintiff, an employee of an independent contractor, was seeking to recover only *from another independent contractor* for failing to provide him safe equipment and a safe place to work.

*Donald* cited *Tharp v. Bunge Corp.*, 641 So. 2d 20 (Miss. 1994), for the proposition that, "where [the] jury finds any negligence on the part of a defendant property owner in allowing a dangerous condition to exist, the 'open and obvious' doctrine will not provide [a] complete defense; rather, the doctrine of comparative negligence will determine the recovery, if any, to be had by a negligent plaintiff". *Donald*, 708 So. 2d at 1326. But, *Donald* did *not* cite *Jones* or *Hill*, much less purport to overrule *Jones*. In *Hill*, we concluded that *Jones* "either scaled back or clarified the rule in *Tharp*, by carving out an exception for independent

4

contractors". 121 F.3d at 174.

Unless or until the Mississippi Supreme Court clarifies, or otherwise alters, its holding in *Jones*, we are bound by *Hill*'s interpretation of it. *See St. Paul Fire & Marine Ins. Co. v. Convalescent Services, Inc.*, 193 F.3d 340, 345 n.10 (5th Cir. 1999) ("This panel is bound by another panel's previous interpretation of state law absent a subsequent state court decision that renders this Court's previous decision incorrect."); *Batts v. Tow-Motor Forklift Co.*, 66 F.3d 743, 747 (5th Cir. 1995) (district court "was bound by our interpretation of state law absent a subsequent state court decision or statutory amendment that rendered this court's prior decision clearly wrong"), *cert. denied*, 517 U.S. 1221 (1996); *Broussard v. Southern Pacific Transportation Co.*, 665 F.2d 1387, 1389 (5th Cir. 1982) (en banc) (internal quotation marks, brackets, and citation omitted) ("a prior panel decision should be followed by other panels without regard to any alleged existing confusion in state law, absent a subsequent state court decision or statutory amendment which makes this Court's prior decision clearly wrong").

Along this same line, we decline to adopt Doherty's request to certify the question to the Mississippi Supreme Court.

Because it is undisputed that both Doherty and Manning were aware of the allegedly dangerous condition, *Hill* controls. (Accordingly, we do *not* address Chevron's alternate contention (rejected by the district court) that it is *not* liable because Doherty's injuries arose out of, and were intimately connected to, the work being done for Chevron by Manning, his employer, pursuant

5

to its contract with Chevron.)

III.

For the foregoing reasons, the judgment is

***AFFIRMED.***