WISE, Judge.
The appellant, Tommie W. Sanders, appeals from the circuit court’s summary denial of his petition for postconviction relief, filed pursuant to Rule 32, Ala. R.Crim.P., in which he attacked his 1983 guilty-plea conviction for possession of a pistol after having been convicted of a crime of violence, a violation of § 13A-11-72(a), Ala.Code 1975.[1] Sanders was sentenced to 15 years’ imprisonment. No direct appeal was taken from this conviction.
On May 2, 2002, Sanders filed a Rule 32 petition alleging that the circuit court was without jurisdiction to accept his guilty plea because, he said, the indictment returned against him was illegal. Specifically, Sanders claimed that he could not be convicted of possessing a pistol after having been convicted of a crime of violence because, before his arrest for that offense, the Alabama Board of Pardons and Paroles (“the Board”) had restored his civil and political rights, thereby restoring his right to possess a pistol.
In support of his petition, Sanders alleged that he was convicted in September 1969 of robbery and was sentenced to 10 years’ imprisonment. In September 1976, Sanders was released on parole. Sanders claimed that in September or October 1979, he received a certificate from the Board (by United States mail) restoring his civil and political rights. In 1981, during the execution of a search warrant for marijuana, law-enforcement officials found a .38 caliber pistol in Sanders’s residence. Sanders was later charged in multiple indictments for drug offenses and for possessing a pistol in violation of § 13A-11-72(a), Ala.Code 1975.[2]
After accepting Sanders’s guilty plea to all charges in the indictments, the circuit court sentenced Sanders, as a habitual felony offender, to concurrent sentences of 15 years’ imprisonment on the drug charges, and 5 years’ imprisonment for the possession-of-a-pistol conviction.[3]
On June 10, 2002, the circuit court summarily denied Sanders’s Rule 32 petition as time-barred under Rule 32.2(c), Ala. R.Crim.P., without a response from the State. This appeal followed.
After reviewing Sanders’s argument and the caselaw he cites in support of his petition, this Court cannot affirm the denial of *145 the petition on the basis that Sanders’s petition is time-barred.. Because Sanders’s claim is jurisdictional, see, e.g., Ex •parte Casey, 852 So.2d 175 (Ala.2002), it is not subject to the two-year limitations period set forth in Rule 32.2(c), Ala. R.Crim.P. Sanders cites United States v. Fowler, 198 F.3d 808 (11th Cir.1999), in support of his contention that he could not be indicted for violating the Alabama statute prohibiting possession of a pistol by a person convicted of a crime of violence. In Fowler, the defendant was convicted in 1972 for second-degree burglary and in 1975 received a “ ‘certificate granting restoration of civil and political rights’ ” from the' Board. Fowler, 198 F.3d at 809. The certificate of restoration contained no limitations on the defendant’s rights to carry, possess, or purchase firearms. In 1997, the defendant was charged in a multiple-count indictment that included'possession of a handgun after having been convicted of a felony offense. The United States Court of Appeals for the Eleventh Circuit held that the defendant’s 1972 conviction could not serve as a predicate offense for the crime of possessing firearms by a convicted felon, where his civil and political rights had been fully restored by the Board. Id.
Based on our review of Fowler and Sanders’s allegation set out in his Rule 32 petition, this Court must remand this cause for an evidentiary hearing. Moreover, because the circuit court summarily denied Sanders’s petition without a response from the State, the State has not refuted Sanders’s allegation; therefore, we must accept the averments in Sanders’s petition as true. Glover v. State, 531 So.2d 705 (Ala.Crim.App.1988).' Because Sanders’s allegation, if true, entitles him to relief, the circuit court erred in summarily denying Sanders’s claim as time-barred. Ex parte Boatwright, 471 So.2d 1257 (Ala. 1985).
Based on the foregoing, we remand this cause to the circuit court for further findings regarding Sanders’s allegation that the court was without jurisdiction to accept his guilty plea for possessing a pistol as a violent offender where, before the indictment for the offense of possession of a pistol, the Board had formally reinstated Sanders’s civil and political rights following his 1969 conviction. The return to remand shall contain a transcript of the proceedings and the circuit court should make specific findings of fact as required by Rule 32.9(d), Ala.R.Crim.P. The circuit court shall take all necessary action to ensure that the circuit clerk makes due return to remand at the earliest possible time and no later than 56 days from the date of this opinion.
REMANDED WITH DIRECTIONS. 
McMILLAN, P.J., and COBB, BASCHAB, and SHAW, JJ., concur.

. Section 13A-ll-72(a), Ala.Code 1975, provides: "No person who has been convicted in this state or elsewhere of committing or attempting to commit a crime of violence shall own a pistol or have one in his or her possession or under his or her control.”

. The record indicates, and Sanders alleges, that eight indictments were returned by the grand jury for drug-related charges.

.The Habitual Felony Offender Act was inapplicable in the possession-of-a-pistol conviction where Sanders's prior 1969 robbery conviction could not be used as a predicate offense. See United States v. Fowler, 198 F.3d 808 (11th Cir.l999)(prior conviction for violent crime could not serve as predicate offense where defendant received certificate from the Board restoring his political and civil rights).