MOORE, Chief Justice
(dissenting).
This Court granted Louis Murray’s petition for a writ of certiorari to review whether the 1980 pardon for his 1975 robbery conviction also made his earlier felony convictions unavailable as predicate acts for sentence enhancement under the Habitual Felony Offender Act, § 13A-5-9, Ala.Code 1975 (“the HFOA”), and for purposes of a felon-in-possessioh-of-a-pistol conviction, § 13A-ll-72(a), Ala.Code 1975. Because I have determined, as explained below, that Murray’s sentence was illegal, I dissent from this Court’s order quashing the writ.

I. Background

In 1983 Murray, then 37 years old,'was convicted of armed robbery. See 'Murr[a]y v. State, 453 So.2d 774 (Ala.Crim.App. 1984). Finding that Murray had three prior felony convictions, the trial court sentenced him under the HFOA to life imprisonment without the possibility of parole.[6] Now 68 years old, Murray seeks review of the denial of his fifth Rule 32, Ala. R.Crim. P., petition for postconviction relief. His argument that his sentence is illegal is sufficient to avoid the Rulé 32 bárs of untimeliness and successiveness. Rule 32.2(b) and (c). “[A] challenge to an illegal sentence is jurisdictional and can be raised at any time.” Ginn v. State, 894 So.2d 793, 796 (Ala.Crim.App.2004).
At the time of Murray’s 1983 armed-robbery conviction, he had four prior felony convictions: receiving stolen property (1966); grand larceny (1974); robbery (1975); and being a felon in possession of a pistol (1981). The “Certificate Granting Restoration of Civil and Political Rights” to Murray, dated July 14, 1980, reads as follows:
“It haying been made to, appear to the Alabama State Board of Pardons and Paroles that [Murray] was convicted in Montgomery County [in 1975] of robbery, was sentenced to a term of Ten (10) years and was released from incarceration on February 19, 1979, and the term of the maximum sentence has now expired; and
“It further appearing to the Board from the official report of the Parole Supervisor which is a part of the record in this case, and with no further information to the contrary, that the -above named has so conducted himself since release as to demonstrate his reforma *836 tion and to merit restoration of civil and political rights;
“NOW, in compliance with the authority vested in the State Board of Pardons and Paroles by the Constitution arid the laws of the State of Alabama to restore civil and political rights, it is
“ORDERED .that all disabilities re-suiting fromi the above stated conviction and all prior disqualifying convictions be and they are hereby removed and the civil and political rights of the above named are restored.”
(Capitalization in original; emphasis added.)
Murray argues that the 1980 pardon of his 1975 robbery conviction eliminated that conviction as a predicate act for enhanced sentencing. Because the three remaining felonies would still support his enhanced sentence, he further argues that language in the restoration-of-rights certifícate exonerated him from all prior felony convictions, not just the 1975 conviction specifically identified in that document. He thus argues that he would have only one prior felony conviction for sentence-enhancement purposes — the 1981 conviction for being a felon in possession of a pistol. He further argues that the 1981 conviction was improper because the 1980 certificate fully restored his civil rights, including the right to carry a firearm. Thus, as Murray stated in the circuit court: “I stand before Judge Reese today as a first offender felon.”
At the tiine Murray was sentenced for the 1983 first-degree robbery conviction, the sentencing range for first-degree robbery, a Class A felony, § 13A-8-41(c), Ala. Code 1975, was imprisonment for life or for 10 to 99 years. § 13A-5-6(l), Ala.. Code 1975. If a firearm or deadly weapon were used in the commission of the robbery, the minimum sentence was 20 years. § 13A-5-6(4), Ala.Code 1975. Murray thus argues that his sentence of life imprisonment without the possibility of parole is illegal. Alternatively, he argues that, even if the restoration-of-rights certificate is not viewed as a pardon of anything other than the 1975 conviction, the restoration of his civil rights, which applied to “all prior disqualifying convictions,” removed the underpinnings of his felon-in-possession-of-a-pistol conviction, thus entitling him, at a minimum, to be resentenced on the basis of two prior felony convictions — the 1966 and 1974 convictions— rather than three.[7]

II. Analysis

A. Effect of the 1980 Pardon on Prior Convictions

Murray’s “Certificate Granting Restoration of Civil and Political Rights” does not specifically use the word “pardon.” However, the circuit court, the Court of Criminal Appeals, and the State of Alabama as the appellee all construe Murray’s restoration certificate, which specifically identifies his 1975 robbery conviction, as a pardon for that conviction. In its remand order of October 25,-.2013, the Court of Criminal *837 Appeals noted that Sarah Still, the pardon-unit manager with the Alabama Board-of Pardons and Paroles, had transmitted a facsimile to the Montgomery County District Attorney’s office “stating that Murray had received a pardon for his 1975 conviction and that ![t]he pardon did not have any restrictions.’ ”[8] In that facsimile, the pardon-unit manager specifically identified the “Certificate Granting Restoration of Civil and Political Rights” as a “pardon certificate.” The facsimile states: “Please see the attached pardon certificate on Willie James Brown, aka Louis Murray, AIS # 109,980. S[ubject] was pardoned on a 1975 Montgomery Co. robbery case. The pardon did not have any restrictions.” This cover sheet frbm the manager of the pardon unit uses the word “pardon” three times to describe Murray’s “Certificate Granting Restoration of CM and Political Rights.”
In its order of November 20,2013, denying on remand Murray’s petition for a new sentencing hearing, the circuit court stated: “Petitioner’s earlier conviction for Robbery was Pardoned and cannot be used for HFOA purposes.” In its subsequent unpublished memorandum of April 25, 2014, on return to remand, the Court of Criminal Appeals stated that Murray had introduced into evidence in his remand hearing “a copy of that pardon.” The only such document in the record is the restoration certificate. The Court of Criminal Appeals further stated that the circuit court’s finding that Murray had received a full pardon for his 1975 robbery conviction “is supported by the record, and we agree that Murray’s 1975 robbery conviction was fully pardoned and was improperly used for sentence enhancement under the [HFOA].” The State concurs: “The trial court and the Alabama Court of Criminal Appeals correctly held that Murray’s pardoned conviction, the 1975 robbery conviction, could not be used to enhance his sentence....” State’s brief, at 9 (emphasis added).
The interpretation that a restoration certificate operates as a pardon finds further support in two controlling opinions of this Court. In Hogan v. Hartwell, 242 Ala. 646, 649, 7 So.2d 889, 890 (1942), this Court was interpreting “the order of the State Board of Pardons and Paroles restoring to said Hartwell ‘all Alabama Civil and Political Rights.’ ” Responding to the argument that “there was no pardon and that restoration of [appellee’s] civil rights was without foundation,” the Court stated that “this argument overlooks .the broad and comprehensive meaning of the word ‘pardon’ as found in the authorities to the effect that.it is a declaration on record by ‘the chief magistrate of a state or country that a person named is relieved from the legal consequences of a specific crime.’” 242 Ala. at 650, 7 So.2d at 891. This statement is consistent with the proposition that a restoration certificate operates as a pardon,[9]
In State ex rel. Sokira v. Burr, 580 So.2d 1340, 1341 (Ala.1991), this Court interpreted a certificate that contained restoration language identical to that in Murray’s certificate. The certificate in Burr was not styled as a pardon, but instead was entitled “Certificate of Discharge from Parole with Restoration of Civil and Politi *838 cal Rights.”[10] This Court referred to that document as a “certificate of pardon,” Burr, 580 So.2d at 1341, and stated that “the pardon, expressly restoring all of Burr’s civil and political rights, returned to him each civil and political privilege taken away by his felony conviction.” 580 So.2d at 1345 (emphasis added).
Thus, under this Court’s precedents and also under the facts of this case, Murray’s restoration certificate pardoned not only his 1975 robbery conviction, but also, as stated in the certificate, “all prior disqualifying convictions.”
B. The Felon-dnr-Possession-of-a-Pistol Conviction
Even if Murray’s restoration certificate is construed merely to restore civil rights and not to operate as a pardon, he is still entitled to have his felon-in-possession-of-a-pistol conviction disregarded for HFOA purposes. Because the restoration certificate did restore Murray’s civil and political rights, including removing “disabilities resulting from ... all prior disqualifying convictions,” he was legally entitled to be in possession of a firearm a year after the restoration certificate was executed when he was convicted of being a felon in possession of a pistol.
The right to bear arms is a civil right protected under both the state and federal constitutions. See Art. I, § 26, Ala. Const. 1901; Amend. II, U.S. Const. “Under Alabama law, then, the Board’s restoration to [Murray], without express limitation, of ‘all civil and political rights’ means exactly what it says: It nullifies ‘any and all legal incapacities,’ including the right to possess firearms.” United States v. Swanson, 947 F.2d 914, 918 (11th Cir.1991) (footnote omitted). By contrast the “Certificate of Restoration of Civil Rights” at issue in James v. United States, 19 F.3d 1, 2 (11th Cir.1994) “expressly grant[ed] the restoration of civil rights ‘except the specific authority to possess or own a firearm.’ ” Interpreting Alabama law, the United States Court of Appeals for the Eleventh Circuit logically concluded that James’s “restoration of civil rights excluded the right to possess firearms.” Id.
In Sanders v. State, 854 So.2d 143 (Ala. Crim.App.2002), a case on all fours with this one on the felon,-in-possession-of-a-pistol issue, the Court of Criminal Appeals considered a Rule 32 petition that sought reversal of a 1983 felon-in-possession-of-a-pistol conviction that was based upon a 1969 robbery conviction for which Sanders had been pardoned in 1979. Sanders’s felon-in-possession conviction arose from a guilty plea, as did Murray’s. Finding that Sanders’s claim was jurisdictional and thus not time-barred, the Court of Criminal Appeals remanded the case for an evidentiary hearing “regarding Sanders’s allegation that the court was without jurisdiction to accept his guilty plea for possessing a pistol as a violent offender where, before the indictment for the offense of possession of a pistol, the Board had formally reinstated Sanders’s civil and political rights following his 1969 conviction.” 854 So.2d at 145. The Sanders court also noted that the “possession-of-a-pistol conviction” could not be used for enhancement purposes under the HFOA because the “1969 robbery conviction could not be used as a predicate offense.” 854 So.2d at 144 n. 3.
Sanders relied upon United States v. Fowler, 198 F.3d 808 (11th Cir.1999), which states:
“Alabama law empowers the State Board of Pardons and Paroles to restore the right of a person convicted of a *839 crime of violence to possess a firearm. Without an express limitation on the certificate restoring civil and political ñghts to Foivler, under Alabama law the restoration of civil and political ñghts restores the firearm ñghts limited by § 13A-ll-72(a)[, Ala.Code 1975].”
198 F.3d at 811 (emphasis added). Murray’s counsel argued this point as follows at the circuit court hearing’ on Murray’s Rule 32 petition:
“[T]his restoration of rights and full pardon with no restrictions at a minimum allowed [Murray] — it pardoned his 1975 conviction for which it was for and also restored his right to carry a firearm, which would negate his later conviction for carrying a firearm.”
Because Murray’s felon-in-possession-of-a-pistol conviction was invalid and his 1975 robbery conviction was pardoned, the 1983 sentencing court had only two prior felonies with which to enhance Murray’s sentence: grand larceny (1974) and receiving stolen property (1966). As Murray’s counsel argued at the remand hearing in the circuit court: “So it would remove at a minimum those two convictions and leave him with a maximum of two felony convictions.” Under the HFOA in effect at that time, the trial court could have sentenced Murray based on two prior felonies to life imprisonment or a fixed term of at least 99 years. § 13A-5-9(b)(3). In that event he would have been eligible for parole.[11]

III. Conclusion

The circuit court, the Court of Criminal Appeals, the pardon-unit manager, and the State of Alabama all concede that Murray received a pardon for his 1975 robbery conviction. The only plausible reading of the record is that the “Certificate Granting Restoration of Civil and Political Rights” is also Murray’s pardon certificate. The “and all prior disqualifying convictions” language in that certificate thus eliminates both the 1966 conviction for receiving stolen property and the 1974 conviction for grand larceny as predicate acts for both HFOA purposes and for the felon-in-possession-of-a-pistol statute. Accordingly, Murray, who is serving a sentence of life imprisonment without the possibility of parole, is entitled to be resentenced “as a first offender felon” for his 1983 first-degree robbery conviction and would be eligible for parole. In the alternative, even if the restoration certificate is interpreted only to restore civil rights and not to pardon, Murray should have been sentenced under the HFOA based on two prior felonies rather than three and thus would also be eligible for parole. In either case, “[s]ince the first sentence imposed on [the defendant] was invalid, the trial court had not only the power, but the duty, to sentence [the defendant] as required by law.” Hughes v. State, 518 So.2d 890, 891 (Ala. Crim.App.1987).

. At the time of Murray’s sentencing in 1983, the HFOA provided that a defendant who had been previously convicted of three felonies and who then was convicted of a Class A felony "must be punished by imprisonment for life without parole.” § 13A-5-9(c)(3), Ala.Code 1975.

. The phrase “and all prior disqualifying convictions” is not meaningless boilerplate. Other pardons have omitted this phrase.. For instance, in a 1991 case, this Court construed a certifícate that stated: " ‘Ordered that all disabilities resulting from the above stated conviction be and they are hereby removed and the civil and political rights of the above named are restored.’ ” State ex rel. Sokira v. Burr, 580 So.2d 1340, 1341 (Ala.1991). That certificate, unlike the one in this case, made no mention of removing disabilities from "all prior disqualifying convictions.” See also United States v. Swanson, 947 F.2d 914, 915-16 (11th Cir.1991) (holding that a restoration certificate that also applied to “any prior disqualifying convictions" restored political and civil rights not onfy for the conviction specified in the certificate but also for a prior conviction).

. The Court of Criminal Appeals noted that " ‘pardoned convictions cannot be used to enhance [a] sentence under the Habitual Felony Offender Act.’ " Remánd Order (quoting Ex parte Casey, 852 So.2d 175, 181 (Ala. 2002)).

. In 1980, the Board may have given Murray a certificate restoring rights rather than one also expressly pardoning the offense because he had already served his sentence and thus had no need for relief from the penalty of imprisonment.

. The certificate at issue in Burr is in the record on appeal in that case, which is available on microfilm at the Alabama State Law Library.

. The special concurrence seeks to avoid this conclusion by stating that Murray must bring a new and separate Rule 32 proceeding to challenge the legality of his 1981 felon-in-possession-of-a-pistol conviction. See 176 So.3d at 823 n. 1. In this proceeding, however, Murray is challenging his 1983 sentence, which depended for its legality upon the validity of the 1981 felon-in-possession conviction. Thus, that conviction is properly at issue in this case. The determination of its validity requires no additional facts but depends completely on the interpretation of the 1980 certificate, which is the issue before us in this case.