Two residents of Russell County, William Grant and Anthony Wallace, filed a quo warranto action on behalf of the State of Alabama against Arthur Lee Sumbry in his capacity as a city council member from District 3 in Phenix City. That action was based on the facts that Sumbry was convicted on October 3, 1980, of unlawful voter registration; that on March 27, 1981, he pleaded guilty to first degree perjury; and that he was later convicted again of unlawful voter registration. On July 16, 1984, the Alabama Board of Pardons and Paroles granted a pardon to Sumbry for all three of his convictions, restoring "all civil and political rights which were forfeited as a result of the conviction[s]." Sumbry withdrew his demand for a jury trial on the one factual issue to be tried[1] (residence of one of the complainants), and the trial court entered summary judgment for the State, based on Randolph County v. Thompson,502 So.2d 357 (Ala. 1987), and Alabama Constitution of 1901, § 60, holding that Sumbry was excluded from running for city council in the future.
Section 60 states that "[n]o person convicted of embezzlement of the public money, bribery, perjury, or infamous crime, shall be eligible to the legislature, or capable of holding anyoffice of trust or profit in this state." (Emphasis added.) Sumbry argues that this provision is limited to State employees and legislators only, and that it does not apply to city officials. That question has already been decided against Sumbry. See State ex rel. Woods v. Thrower, 272 Ala. 344,131 So.2d 420 (1961) (§ 60 applied to city commissioner although plea of nolo contendere did not constitute a "conviction" under that section), and Hogan v. Hartwell, 242 Ala. 646,7 So.2d 889 (1942) (conviction of city commissioner triggered application of § 60 to him even though pardon restored his eligibility for public office).
The dispositive issue is whether a pardon allows a convicted elected official to hold public office.[2] Sumbry contends that it does under Hogan, pointing out particularly the fact that his pardon reinstated his right to vote under Ala. Code 1975, §17-3-11 (§ 11-43-1 requires that a councilperson be a qualified elector of the city or town in which he or she has been elected). As the trial court correctly held, Randolph County, supra, precludes Sumbry from running for public office, his pardon notwithstanding.
Randolph County quoted from and relied on Mason v. State,39 Ala. App. 1, 103 So.2d 337 (1956), affirmed, 267 Ala. 507,103 So.2d 341 (1958), cert. denied, 358 U.S. 934, 79 S.Ct. 323,3 L.Ed.2d 306 (1959), which was decided after Hogan. RandolphCounty stated:
 "The general effect of a pardon was exhaustively discussed in Mason v. State, 39 Ala. App. 1, 103 So.2d 337 (1956), affirmed, 267 Ala. 507, 103 So.2d 341 (1958), cert. denied, 358 U.S. 934, *Page 226 79 S.Ct. 323, 3 L.Ed.2d 306 (1959). In that decision, the Court of Appeals concluded:
 " 'Instead of blotting out of existence the guilt of an offender, the very acceptance of a pardon is an implied acknowledgement of guilt. Burdick v. United States, 236 U.S. 79, 35 S.Ct. 267, 59 L.Ed. 476 [(1915)]. As stated in People ex rel. Prisament v. Brophy, 287 N.Y. 132, 38 N.E.2d 468, 471 [(1942)], "Absolution, by temporal authority, for an offense implies, perhaps, that there is reason to believe the rigid enforcement of the usual penalty for the offense would work injustice." A pardon cannot wipe out the historical fact of the conviction, and as appropriately stated by one court, it involves forgiveness, and not forgetfulness. State ex rel. Atty. Gen. v. Irby, 190 Ark. 786, 81 S.W.2d 419 [(1935)].'
 "(Emphasis added [in Randolph County].) 39 Ala. App. at 4-5, 103 So.2d at 340-41.
 "In affirming the decision of the Court of Appeals in Mason, this Court adopted the above statement as the law in Alabama and accepted that court's conclusion that the more liberal statements as to the effect of a pardon that had been made in In re Stephenson, 243 Ala. 342, 10 So.2d 1 (1942), and Hogan v. Hartwell, 242 Ala. 646, 7 So.2d 889
(1942), were 'broad generalization[s] and like all statements of generalities, will lead to paradoxical conclusions if mechanically and literally applied to every factual situation.' Mason, 39 Ala. App. at 1, 103 So.2d at 339. We hold to that statement of the law as it is set out in
Mason.
 "Because, in Alabama, a pardon eliminates neither the fact of conviction nor the moral guilt accompanying the conviction, we must conclude that a pardon does not restore to one pardoned the eligibility to hold public office."
502 So.2d at 366 (emphasis in last two paragraphs added).
Clearly, as this language indicates, Randolph County
reaffirmed the holding of Mason, which implicitly overruledHogan. Therefore, because Randolph County, rather than Hogan, controls this case, we hold that Sumbry's pardon does not allow him to hold "any office of trust or profit in this state." The judgment of the trial court is affirmed.
AFFIRMED.
MADDOX, JONES, ALMON, SHORES, HOUSTON and KENNEDY, JJ., concur.
[1] Sumbry did not object to the trial court's conclusion that all other issues were issues of law.
[2] At the time the quo warranto action was filed, Sumbry had qualified to run for a third term, which, had he won, would have begun in October 1989.