I respectfully dissent. I disagree with the majority opinion for several reasons. First, the opinion relies on State ex rel. Sokira v.Burr, 580 So.2d 1340 (Ala. 1991), which in turn relies on the United States Supreme Court cases of United States v. Wilson,32 U.S. (7 Pet.) 150, 160 (1833), in which Chief Justice Marshall wrote "[a] pardon is an act of grace, proceeding from the power entrusted with the execution of the laws, which exempts the individual, on whom it is bestowed, from the punishment the law inflicts for a crime he has committed," and Ex parteGarland, 71 U.S. (4 Wall.) 333, 380 (1866), in which Justice Field asserted:
 "A pardon reaches both the punishment prescribed for the offence and the guilt of the offender; and when the pardon is full, it releases the punishment and blots out of existence the guilt, so that in the eye of the law the offender is as innocent as if he had never committed the offence."
Both Wilson and Ex parte Garland involved Presidential pardons, which under the United States Constitution are completely unrestricted, except as to impeachment, and may be granted at any time — before or after conviction of a crime. A *Page 182 
pardon under the laws of the State of Alabama is fundamentally different from a Presidential pardon. Amendment No. 38 to the Alabama Constitution of 1901 removed the power to pardon from the executive branch — the governor — and gave it to the Legislature, which in turn authorized the Alabama Board of Pardons and Paroles to grant pardons, subject to the restrictions established by the Legislature. § 15-22-36, Ala. Code 1975.
Amendment No. 38 provides: "No pardon shall relieve from civil and political disabilities unless specifically expressed in the pardon." A pardon in Alabama, unlike a Presidential pardon, is clearly not unrestricted or unconditional. To the contrary, a pardon under our State constitution, as amended, is restricted or conditional according to the terms specifically expressed in the pardon.
The Alabama Legislature further restricted when a pardon may be granted. Section 15-22-36(a) provides: "In all cases, except treason and impeachment and cases in which sentence of death is imposed and not commuted, as is provided by law, the Board of Pardons and Paroles shall have the authority and power, after conviction and not otherwise, to grant pardons and paroles and to remit fines and forfeitures." This subsection expresses the Legislature's intent that there be a conviction before there can be a pardon; nowhere in § 15-22-36(a) is the extinguishment of a conviction provided for. Subsection (c) further restricts the power to pardon:
 "(c) No pardon shall relieve one from civil and political disabilities unless specifically expressed in the pardon; and no pardon shall be granted unless the prisoner has successfully completed at least three years of permanent parole or until the expiration of his sentence if his sentence was for less than three years, except upon the unanimous affirmative vote of the board following receipt and filing of clear proof of his innocence of the crime for which he was convicted and the written approval of the judge who tried his case or district attorney or with the written approval of a circuit judge in the circuit where he was convicted if the judge who tried his case is dead or no longer serving."
(Emphasis added.)
These two subsections — (a) and (c) — express conditions on the timing of pardons and express the legislative intent that a pardon remove the requirement that the balance of the punishment for a crime be served but not that it remove or expunge the fact of the conviction itself.[1] Subsection (c) additionally identifies two kinds of pardons available in Alabama: a regular pardon and a pardon on the ground of innocence.
Casey argues that the pardon he received in 1974 was a "full and unconditional pardon" under Alabama law. Even a pardon on the ground of innocence is a conditional pardon. Casey's certificate of pardon itself does not state that it is a "full and unconditional" pardon. It states:
 "It having been made to appear to the Alabama State Board of Pardons and Paroles that Gregory M. Swim Alias: Sherman Casey WM #97065 #99759 was convicted in Pike-Houston County on August 23, 1966/November 25, 1969 of Forgery (6 Cases) was sentenced to a term of 5 years [consecutive] and was released on parole on March 15, 1971, and the maximum term of sentence has not yet expired. . . . *Page 183 
 "ORDERED that a pardon be granted to the above named as a result of the above stated conviction, and all prior disqualifying convictions, and it is further ordered that all civil and political rights which were lost as a result of the conviction be and they are hereby restored."
Nowhere does the certificate of pardon state that Casey is relieved of the future consequences of the Alabama Habitual Offender Act. Further, the fact that a person lacks a conviction is not commonly thought of or referred to as a "civil or political right." There is nothing in the certificate of pardon or in the statutes or in Alabama caselaw as it existed in 1974 that indicates that the Board of Pardons and Paroles intended for a certificate of pardon to extinguish the defendant's conviction and to make it unusable for purposes of sentence enhancement under the provisions of the Alabama Habitual Offender Act.
The majority opinion states: "State ex rel. Sokira is the controlling precedent, and this Court's holding in that case compels the conclusion that the pardon blotted out of existence Casey's guilt with respect to the pardoned convictions, making him, in the eye of the law, a new and an innocent man. Therefore, the pardoned convictions cannot be used to enhance his sentence under the Habitual Felony Offender Act." I disagree with the holding of State ex rel. Sokira; however, even if I agreed with it, I would disagree that the holding in Sokira "compels the conclusion that the pardon blotted out of existence Casey's guilt." While the Court in Sokira quoted from United States v. Wilson, 32 U.S. (7 Pet.) 150 (1833), and Ex parte Garland, 71 U.S. (4 Wall.) 333 (1866), as heretofore noted, it did not hold that an Alabama pardon "blots out of existence the guilt." Sokira involved the issue whether Rolen Henry Burr, who had pleaded guilty to the crime of distilling in 1962 and who was sentenced to imprisonment for a year and a day in the state penitentiary and who was pardoned in 1964 with the express restoration of his civil and political rights, was disqualified from holding the office of mayor. (Holding elective office is generally considered a political right.) Notably, Burr's certificate of pardon was worded differently from Casey's. It stated as follows:
 "`ORDERED that all disabilities resulting from the above stated conviction be and they are hereby removed and the civil and political rights of the above named are restored.'"
580 So.2d at 1341 (emphasis added). Justice Maddox, writing for the Court in Sokira, stated the Court's holding as follows:
 "After a thorough review of the Alabama cases addressing the effect of pardons that expressly restore civil and political rights, we now hold that the better reasoned decision is this Court's previously cited case of Hogan v. Hartwell, [242 Ala. 646, 7 So.2d 889 (1942),] and we adopt the opinion of United States Supreme Court Justice Field, in Ex parte Garland, where he stressed that a pardon, expressly restoring to an individual his civil and political rights, removes the disabilities that accompany a conviction. Justice Field wrote that the effect of the pardon is `to relieve the petitioner from all penalties and disabilities attached to the offense,' and said that `to exclude him, by reason of that offense, from continuing in the enjoyment of a previously acquired right, is to enforce a punishment for that offense notwithstanding the pardon.' Ex parte Garland, 4 Wall. (71 U.S.) at 381.
 "By readopting this Court's decision in Hogan, we recognize that a pardon that restores to an individual all civil rights and political privileges necessarily *Page 184 
nullifies all legal punishment for the offense. In other words, if the conviction incorporates certain civil and political disqualifications, then a pardon that specifically revives all civil and political rights must certainly remove any and all legal incapacities. See Ala. Const. (1901), § 124, amend. No. 38."
580 So.2d at 1344-45.
Finally, the provisions of the Alabama Habitual Offender Act, § 13A-5-9, Ala. Code 1975, as originally adopted, provided for enhanced penalties "[i]n all cases when it is shown that a criminal defendant has been previously convicted of any felony and after such conviction has committed another felony. . . ." (Emphasis added.) Section 13A-5-9 was amended effective May 25, 2000, to apply in cases where a defendant has been "previously convicted of a felony." (Emphasis added.) The statute does not say "any" or "a" felony other than the one for which the defendant has received a pardon. This section does not punish a defendant for a past offense, but merely increases his punishment for his most recent offense. Tate v. State, 435 So.2d 190 (Ala.Crim.App. 1983).
The majority makes a tremendous leap, well beyond the position taken by the Sokira court, in holding that Casey's pardon "blotted out of existence Casey's guilt" with respect to the pardoned convictions, "making him, in the eye of the law, a new and an innocent man." It does so based not on Alabama statutes or even on Alabama caselaw but rather on 19th century United States Supreme Court cases dealing with Presidential pardons. Judge Harwood properly warned of applying such sweeping language to a different fact situation. In Mason v. State, 39 Ala. App. 1,103 So.2d 337 (1956), he noted:
 "The question of the effect of a pardon has often been reviewed in cases dealing with the punishment to be imposed under multiple offender statutes. One of the leading cases is People v. Biggs, 9 Cal.2d 508, 71 P.2d 214, 216, 116 A.L.R. 205. Many authorities are reviewed in the opinion in this case, and we quote the following pertinent excerpts:
 "`But the somewhat extravagant language occasionally employed must be contrasted with the actual decisions of the courts. It is universally established that a pardon exempts the individual from the punishment which the law inflicts for the crime which he has committed; and generally speaking, it also removes any disqualifications or disabilities which would ordinarily have followed from the conviction. To say, however, that the offender is "a new man," and "as innocent as if he had never committed the offense," is to ignore the difference between the crime and the criminal. A person adjudged guilty of an offense is a convicted criminal, though pardoned; he may be deserving of punishment, though left unpunished; and the law may regard him as more dangerous to society than one never found guilty of crime, though it place no restraints upon him following his conviction. The criminal character or habits of the individual, the chief postulate of habitual criminal statutes, is often as clearly disclosed by a pardoned conviction as by one never condoned. The broad generalizations quoted above are, if taken too literally, logically unsound as well as historically questionable. See Williston, Does a Pardon Blot Out Guilt?
28 Har. L.Rev. 647; People v. Carlesi, 154 A.D. 481, 139 N.Y.S. 309; 13 Columb. L.Rev. 418; In re Lavine, 2 Cal.2d 324, 41 P.2d 161; 4 Cal. L.Rev. 236.'"
39 Ala. App. at 3-4, 103 So.2d at 339-40.
The Sokira Court readopted this Court's earlier decision in Hogan v.Hartwell, *Page 185 242 Ala. 646, 7 So.2d 889 (1942), finding it to be better reasoned thanMason, supra. It also expressly reversed the holding of Sumbry v. State exrel. Grant, 562 So.2d 224 (Ala. 1990), in which the Court held that a pardon does not restore to one pardoned the eligibility to hold public office. The Sokira Court also distinguished Randolph County v. Thompson,502 So.2d 357 (Ala. 1987). It did not overrule the language of RandolphCounty that "`in Alabama, a pardon eliminates neither the fact of conviction nor the moral guilt accompanying the conviction. . . .'"562 So.2d at 226 (quoting Randolph County, 502 So.2d at 366). Until today this has been the law of this State in cases where a pardon is granted on a basis other than innocence; it should remain the law for the reasons I have stated. I would affirm the judgment of the Court of Criminal Appeals expressed in its opinion on rehearing.
See, J., concurs.
[1] Subsection (e)(1), which was added by Act No. 83-750, Ala. Acts 1983, enumerates the crimes for which a pardon may not be granted.